City of What Cheer, Appellant, v. M. Hines & Company, John Hines, Intervenor, Appellees.

1. **Appeal:** JUDGMENT: EXCEPTION. An exception to an order overruling a motion for a new trial, based upon alleged errors in the admission of evidence and in the instructions given to the jury, is in effect an exception to the judgment in such cause, and will entitle one to maintain an appeal therefrom.

2. ———: PARTIES. Upon an appeal from a judgment upon issues raised by a petition of intervention, which in no way affected any interest of the defendant, and upon which there was a separate trial, the defendant is not a necessary party.

3. **Sale:** VALIDITY: INSTRUCTION TO JURY. Where the good faith of a bill of sale was in issue, and the evidence tended to show that there had been no change in the possession of the property at the time of the levy of an attachment thereon by the plaintiff as that of the vendor, *held*, that an instruction to the jury that it was beyond dispute that the vendee was in possession at such time, was prejudicial to the plaintiff.

4. **Judgment:** REMITTITUR: EFFECT. Where a *remittitur* is filed by a party to avoid a new trial being granted, and a new trial is subsequently allowed by the supreme court, such remittitur will not prevent the party filing the same from claiming the property remitted upon a subsequent trial.

*Appeal from Keokuk District Court.*—Hon. D. Ryan, Judge.

Monday, October 10, 1892.

The defendants, M. Hines & Co., engaged to sink an artesian well for the plaintiff city, and this action is to recover damages for a breach of the contract. The action was aided by an attachment, by virtue of which a

levy was made on the tower, boiler, engine, and machinery used in the labor of sinking the well. Upon the issue joined, in which there was a counterclaim, there was a verdict and judgment for the plaintiff for twelve dollars and fifty cents, besides costs. John Hines, by his petition of intervention, claims to be the owner of the property seized by the attachment, by purchase from M. Hines & Co. The answer to the petition of intervention, by the plaintiff, puts in issue the allegations thereof, and avers that any sale of said property to the intervenor was in fraud of creditors, and void. No denial of the intervenor's claim is made by the defendant. The issue upon the intervention petition was tried, after judgment was entered against the defendant, and resulted in a verdict for the intervenor, and a judgment was entered thereon for the possession of the property, and an order made discharging the property from the attachment. On the hearing of a motion for a new trial, filed by the plaintiff, to avoid the granting of the motion the intervenor filed a remittitur, excepting the tower from the operation of the verdict. Judgment was entered for the sale of the tower on the attachment, and the motion for a new trial overruled. Both parties appeal.—*Reversed.*

*T. C. Lego* and *E. S. Sampson*, for appellant.

*G. D. Woodin* and *J. P. Talley*, for appellee.

GRANGER, J.—I. The intervenor moved to dismiss the appeal of the plaintiff upon several grounds:

1. APPEAL: judgment: exception.

*First.* Because the judgment is for costs and discretionary. The judgment is for more than costs. It is "in favor of the intervenor, John Hines, on the verdict against the plaintiff, the city of What Cheer, that he is the owner of the property, and for costs of suit on the intervention, taxed at ninety-six dollars and ninety-five cents."

This is more than a judgment for costs. It is a judgment fixing the ownership of the property and the right of possession. That is the judgment from which the appeal is taken. The costs incidentally follow. *Second*. Because no exceptions were taken to the judgment. The judgment on the verdict was entered on the fourteenth day of November, 1890, and no exception appears. The motion for a new trial was afterwards filed on the seventeenth day of the month, and the grounds thereof refer to the action of the court in ruling upon the admission of evidence, and its instructions to the jury. To the overruling of the motion, exceptions were taken. This was, in legal effect, an exception to the judgment. An order granting a new trial would have set aside the judgment. To deny the motion was to permit the judgment to stand. The order on the motion had direct reference to the judgment, and an exception to the order had a like reference. See *Gulliher v. Chicago, R. I. & P. R'y Co.*, 59 Iowa, 416.

II. The fourth ground of the motion is that no notice of appeal has been served on the defendants in the main case. None was necessary. The issues on the intervention petition were tried separately from the other, and in no way affected any interest of the defendant. The defendant is not a necessary party to the appeal. The other grounds of the motion are disposed of by what has already been said.

2. ——: parties.

III. On the merits of the case we first notice the plaintiff's appeal. There was a bill of sale from M. Hines, who alone constituted the firm of M. Hines & Co., to John Hines, of the property in suit, which was dated the twenty-sixth of March, 1889. The issues tried involved the validity of this instrument. The court's second instruction is the subject of an exception, and is as

3. SALE: validity: instruction to jury.

follows: "The evidence puts it beyond dispute that M. Hines & Co. executed and delivered to the petitioner in intervention, John Hines, the bill of sale set out in the petition, the original of which has been offered in evidence. It is also beyond dispute that the defendant in intervention, the city of What Cheer, had actual notice of the transfer of the property in question; and, further, that the intervenor, John Hines, was in possession of the property in controversy at the time the defendant in intervention caused to be levied upon the property in dispute its writ of attachment in this case; and in your deliberations you will proceed upon these facts as being proven." The complaint is that the instruction misstates the fact as to the possession of the property, wherein the jury is told that it was in the possession of John Hines at the time of the levy of the writ of attachment. The correctness of the complaint is not to be questioned, nor is it in argument. It is, however, urged that the error is without prejudice. We have attempted to reconcile the instruction with such a view of the case, but are unable to do so. It is to be borne in mind that the principal question for the jury was as to the *bona fides* of the sale between M. Hines and John Hines. The fact that the court gave the instruction as to the possession at the time of the levy indicates, as is the fact, that it was material in the case.

The two Hines were brothers, and, according to the testimony of M. Hines, John had worked for him "off and on" for six or seven years, and had worked for him while at What Cheer, drilling the well in question. After the bill of sale was executed, M. Hines left the same day, or the next, for Belle Plaine. Before the sale, M. Hines had been to Franklin (or Frankfort), Dakota, and engaged work there in drilling. The testimony shows, or tends to show, that he was trying to engage help to go there, including his

brother, John, and the intention certainly was to take the machinery in question to that place. A witness to the talk between M. and John Hines, which resulted in making the bill of sale, gives testimony strongly against the *bona fides* of the transaction. Two attachments were levied on the machinery—one on March 29, 1889, and the other August 22, 1889. Between the two levies, the possession of the property was in the sheriff, or in third parties for him. When the first levy was made, the machinery was partly on the cars, and both John and M. Hines were present, and nothing indicated any change of the possession as between them. If the question of a change of the possession had been left to the jury, and it had found that there had been no change, it is exceedingly doubtful if it would have found that there was a valid sale.

The thought of the intervenor seems to be that the effect of the instruction goes only to the applicability of section 1923 of the Code to the case, wherein it is provided that "no sale * * * of personal property, where the vendor * * * retains actual possession thereof, is valid against existing creditors or subsequent purchasers," unless the instrument is properly filed for record, etc.; and that the instruction has reference to the commencement of the last suit, the one under which the first levy was made being dismissed. It will be seen from our discussion that we think that the instruction has a different application. If it had reference to the last levy, it would be equally erroneous, as a matter of fact, and leave the jury to determine the case from false premises. But such is not the case. The issue was as to the *bona fides* of the sale, and it was the possession when the sheriff made his seizure that is material, and to which the instruction should have been thought to apply. There are no other questions on the plaintiff's appeal, likely to arise on another trial, which we think it

important to discuss.

IV. The defendant on his appeal insists that the order subjecting the tower to the plaintiff's attach-

**4. JUDGMENT: remittitur: effect.**

ment is erroneous; that the effect of the remittitur was only to release it from the effect of the verdict; and that it remained a subject for further investigation. What would be the situation if the case had been affirmed on the plaintiff's appeal we need not determine. It appears that the remittitur was filed only to avoid a new trial. If the district court, after the filing of the remittitur, had granted the new trial, it would hardly be contended that intervenor's right to further claim the tower would be lost; for the remittance was only on condition that he should not be subjected to another trial. This court now grants the new trial, and we think the effect as to the remitted property is the same as if it had been granted by the district court. The effect of this holding is not to reverse the order of the district court on the intervenor's appeal, for it made no order granting a new trial. We have only deemed it proper to settle the *status* of this item of property on another trial, in view of the action of this court on the plaintiff's appeal. REVERSED.