STATE OF IOWA, Appellee, v. CLARENCE VANDERPOOL, Appellant.

**INTOXICATING LIQUORS: Bootlegging—Sale Not Element of Of-**
1 **fense.** The gist of the crime of "bootlegging" (Sec. 2461-a, Code Suppl. Supp., 1915) is possession of the liquor on the *person* of the accused, *with intent to sell*. It follows that an actual "sale" is not an element of the offense, but is a material item of evidence bearing on the element of intent.

**INTOXICATING LIQUORS: Bootlegging—Sentence.** Record reviewed,
2 and *held* that the court was not justified in interfering with a judgment imposing the maximum sentence authorized by law.

*Appeal from Mills District Court.*—GEORGE W. CULLISON, . Judge.

JANUARY 16, 1923.

THE defendant was indicted as a "bootlegger." Upon a trial had, he was found guilty. Pursuant to the verdict, the court imposed upon him the extreme statutory penalty of one year in jail and a $500 fine  From the judgment he appeals.— *Affirmed*.

*Genung & Genung*, for appellant.

*Ben J. Gibson*, Attorney-general, and *B. J. Flick*, Assistant Attorney-general, for appellee.

EVANS, J.—The defendant was indicted under Section

2461-a of the Supplemental Supplement of 1915. The section is as follows:

"Sec. 2461-a. Any person who shall, by himself, or his employee, servant or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating liquor as herein defined, with intent to sell or dispose of the same by gift or otherwise, or who shall within this state, in any manner, directly or indirectly, solicit, take, or accept any order for the sale, shipment, or delivery of intoxicating liquor, in violation of law, shall be termed a bootlegger, and shall be guilty of a misdemeanor."

The indictment was returned in May, 1921, and charged the offense as having been committed on July 1, 1920, and subsequent dates. The State introduced evidence tending to prove sales of whisky by the defendant under circumstances consistent with the charge in the indictment. This evidence was concentrated largely upon two dates, April 2 and April 9, 1921. Direct evidence of sales made by the defendant on each of said dates was introduced by the State.

I. At the close of the evidence for the State, the defendant moved that the State be required to elect whether it would prosecute the defendant for the alleged sales of April 2d or for the alleged sales of April 9th. This motion was denied. The defendant assigns error upon this ruling, and this is the only error laid by him as a ground of reversal. His argument is that the sales upon these respective dates were separate offenses, and that the defendant could not be prosecuted for both under one indictment.

1. INTOXICATING LIQUORS: bootlegging: sale not element of offense.

Counsel misconceives the scope and purport of the statute under which the indictment was found. The gist of the offense therein defined is to keep or carry on the person intoxicating liquor, *with intent* to sell. It is analogous to the liquor nuisance statute, in that it is a continuing offense. The prosecution under this statute is not a prosecution for unlawful sale. It was incumbent upon the State to prove, not only the keeping of the liquor by the defendant on his person, but also the *intent to sell*. For the purpose of proving such intent to sell, it was

competent and material for the State to prove actual sales, and it was permissible for it to prove as large a number of sales as it could, within the period of limitation. There was no limit upon it in that regard. It was under no requirement to elect upon which sale it would rely as evidence of intent. It was entitled to rely upon all of them as cumulative evidence.

We find no merit, therefore, in the point made.

II. The defendant complains of the severity of the judgment, and asks that we reduce the same. The judgment was indeed severe. But there was little, if any, mitigation for the offense. No data is presented to us upon which we could predicate a finding that the punishment was excessive. None appears to have been presented to the lower court. We have before us only the evidence introduced, as bearing upon the question of guilt or innocence. The defendant is a farm renter, and has a family dependent upon him. His circumstances, therefore, are such as to magnify rather than minify the practical operation of the judgment. It is said in argument that it was his first offense. There was no affirmative showing on that question. If, in the defendant's circumstances, the judgment had been less severe, we should have been quite as well satisfied with it. On the other hand, the sales of liquor proved were flagrant. They were made to very young men. These young men were, in each case, on their way to a dance, to meet other young people. One sale was a sale of two quarts to two young men at $5.00 a quart. The liquor contained 37 per cent of alcohol. The sales proved were made readily, and with a facility indicating an efficient system, in working order. How far the trial court may have followed these clues and investigated the circumstances of aggravation or mitigation, we have no means of knowing from the record. A fine melts rapidly in the atmosphere of a market at $5.00 a quart for corn whisky. Instead of discouraging or restraining the defendant's resort to such a market, a mere fine sometimes, if not usually, operates, by the necessity which it creates, as an inducement to continue the business for the purpose of paying the fine.

Upon the record presented to us, we would not be justified

2. INTOXICATING LIQUORS: bootlegging: sentence.

in interfering with the judgment of the district court. It is, therefore,—*Affirmed.*

PRESTON, C. J., STEVENS, ARTHUR, and FAVILLE, JJ., concur.