B. F. AVERY & SONS PLOW COMPANY, Appellee, v. O. G. OLSON, Trustee, Appellant.

**APPEAL AND ERROR:** Scope of Review—Total Absence of Any Exception. No review may be had on appeal as to the reception of evidence or the findings of fact by the court, on a record revealing (1) a stipulation that all rulings on objections might be reserved until the close of the trial, and (2) that no rulings were ever made by the court or requested of the court, nor any exceptions entered to any action by the court.

Headnote 1.    3 C. J. pp. 912, 933, 937, 940, 969.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

JANUARY 13, 1925.

ACTION in replevin. The trustee in bankruptcy was substituted for the defendant. A trial to the court resulted in judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*Peter Balkema* and *Robert B. Pike,* for appellant.

*Shull, Stilwill, Shull & Wadden,* for appellee.

VERMILION, J.—The suit is at law, being an action of replevin for the possession of certain personal property. By stipulation of the parties, a jury was waived, and the cause tried to the court. It was further stipulated at the commencement of the trial that all rulings upon evidence and questions of law which might arise on the trial should be reserved until all evidence was completely taken, and that the cause should then be argued to the court, and briefs be written upon the questions which might arise on the trial.

The court made a finding of facts, and found, as a conclusion of law therefrom, that the plaintiff was entitled to the possession of the property in question. Judgment was entered accordingly.

Error is assigned: (1) on the admission in evidence of certain conditional sales contracts upon which the plaintiff's claim of title to, and right of possession of, the property in question were based; (2) on the action of the court in not holding such conditional sales contracts void, as giving an unlawful preference in bankruptcy; and (3) on the action of the court in not holding that the plaintiff had waived any rights it had under such contracts.

The record discloses that no ruling was made by the court on the objection interposed at the time the contracts were offered in evidence. This was doubtless because of the stipulation of the parties that such rulings should be reserved until the final submission of the case. But the record does not show that any ruling on the objection was ever made or requested by the defendant, and does not show that any exception was taken by defendant, the appellant here, either to the acceptance or consideration by the court of the documents as in evidence, or to the failure to rule on the objection made.

The appellant was entitled to a ruling on his objection,—if not, under his stipulation, at the time it was made, then at the final submission or determination of the cause. *McGlasson v. Scott,* 112 Iowa 289; *Haaren v. Mould,* 144 Iowa 296; *Lucia v. Utterback,* 197 Iowa 1181. But, in the absence of a ruling, or a request for one, and an exception, the error assigned cannot be considered.

The record does not disclose any exception to the findings of fact, or the conclusion of law, or the final judgment entered by the court. No motion for a new trial was filed. In short, the record does not show that any finding, ruling, or decision of the court below was ever excepted to, or any alleged error of the court in its findings of fact, conclusion of law, or judgment, in any manner called to its attention. In the absence of an exception to the findings of fact, the conclusion of law, or the judgment, or to an order overruling a motion for a new trial, the record presents no question arising on the findings or judgment upon which appellant is entitled to review in this court. *Coad v. Schaap,* 144 Iowa 240; *Gillespie v. Ashford,* 125 Iowa 729; *Redding v. Page,* 52 Iowa 406; *Gould v. Morrow,* 153 Iowa

461; *Shull, Gill, Sammis & Stilwill v. McCrum*, 179 Iowa 1232, 1234; *Dunshee v. Standard Oil Co.*, 165 Iowa 625; *Gulliher v. Chicago, R. I. & P. R. Co.*, 59 Iowa 416; *City of What Cheer v. Hines & Co.*, 86 Iowa 231; *Barnhart v. Farr*, 55 Iowa 366; *Henkle v. Town of Keota*, 68 Iowa 334.

The judgment must be and is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.