STATE OF IOWA, Appellee, v. E. W. SPEEDLING, Appellant.

**INTOXICATING LIQUORS:** Bootlegging—Accepting Order for Liquors.
 The act of a druggist in selling, in his place of business, a bottle
 of intoxicating liquors, does not constitute the "accepting of an order for intoxicating liquors," within the meaning of Sec. 2461-a, Suppl. Supp., 1915.

Headnote 1: 33 C. J. p. 596.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

JANUARY 20, 1925.

REHEARING DENIED APRIL 8, 1925.

PROSECUTION for *bootlegging.* There was a verdict of guilty, and judgment thereon. The defendant appeals.—*Reversed.*

*Johnson, Donnelly & Lynch,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* `Assistant Attorney-general, and *W. J. Barngrover,* for appellee.

EVANS, J.—The defendant was charged, in terms, with the crime of bootlegging, in that he violated the provisions of Section 2461-a of the Supplemental Supplement of 1915. The charge is predicated upon a transaction under date of April 18, 1923, in that, on such date, the defendant sold intoxicating liquor to Martin and Pickett, to wit, a bottle of "jake." The evidence in the record presents no dispute. The question presented to us is solely of statutory construction. The evidence for the State was that, at and before the date of the event charged, the defendant was operating a drug store. Martin and Pickett went to his drug store, and asked to purchase a bottle of "jake." The request was addressed to the defendant, who was, at the time thereof, standing behind his counter or case. Complying with the request, the defendant then and there handed to the purchasers a bottle of intoxicating liquor known as "jake." He took it from a shelf back of his counter, without moving from the place where he was standing when the request was made.

The question presented is, Did such sale constitute the crime of bootlegging? We deem it clear that it did not. Section 2461-a, Supplemental Supplement, 1915, is as follows:

"Any person who shall, by himself, or his employee, servant or agent, for himself or any person, company or corporation, keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating liquor as herein defined, with intent to sell or dispose of the same by gift or otherwise, *or who shall within this state, in any manner, directly or indirectly, solicit, take, or accept any order for the sale, shipment, or delivery of intoxicating liquor, in violation of law,* shall be termed a bootlegger, and shall be guilty of a misdemeanor."

The italics are ours. The italicized portion represents an amendment of the statute as originally enacted. We have construed this statute in several of our cases. *State v. Vanderpool,* 195 Iowa 43; *State v. Kersberger,* 195 Iowa 1066; *State v.*

*Cleaver,* 196 Iowa 1278; *Barr v. Neel,* 151 Iowa 458; *State v. Alderman,* 187 Iowa 244.

We have construed this statute as defining a crime analogous to the crime of nuisance, but not identical therewith. The State concedes that the defendant was not guilty of bootlegging, as defined in the original statute. This was settled in *Barr v. Neel,* 151 Iowa 458. Its contention is that the later amendment, which is indicated above by the italics, broadened the original statute, so as to bring within its purview such an unlawful sale as was made by the defendant at the time in question. If such be true, then the statute has simply twice defined the unlawful sale of intoxicating liquor, and by the mere process of adopting different names for the offense, has created a double jeopardy for the same offense. True, it has sometimes been said that the same wrongful act may constitute more than one offense. Such expression is not quite accurate. What is accurately true is that the same act may constitute a material element of more than one offense. This is necessarily true of lesser offenses included in a larger. It is not true that a statute may create double jeopardy for the same identical offense, distinguished only by a difference of name. The statute in question was intended to meet a well developed method of accomplishing unlawful sales of intoxicating liquor without maintaining a place for that purpose. As to what constitutes a carrying of intoxicating liquor upon the person, we have given the statute a construction as broad as its manifest purpose and spirit. We have held that it applies to the hiding place and cache, whether in the cornfield or in the barn, and that the transporting of intoxicating liquor from such place to the buyer is a carrying upon the person, within the meaning of the statute. The nuisance statute is not applicable to such case. A cache in a cornfield does not lend itself to abatement. The same is probably true of a hiding place even in a barn. Such methods are outside of the contemplation of the nuisance statute. In a nuisance case, unlawful sales are proved only for the purpose of showing intent. The same thing is true in a bootlegging case. The unlawful sale is not the gist of the offense, under either the nuisance or the bootlegging statute. It is only an item of evidence. That portion of the bootlegging statute covered by the amend-

ment above set forth is not an attempt to provide punishment for unlawful sales  Such punishment is fully provided for in another statute.  The purpose of such amendment was to reach the offender who solicits orders in advance for the purpose of making later shipment and delivery.

This amendment may carry some infirmity.  But assuming it to be wholly valid strictly in accordance with its terms, the actual sale or delivery of intoxicating liquor is not essential to its violation.  According to its terms, the offense therein defined is complete where an order is solicited or accepted, regardless of whether shipment or delivery is ever thereafter made. It does not purport to have any reference to any present sale or delivery or payment.

If, therefore, the State proposed to punish the defendant for unlawful sale of intoxicating liquor, it proceeded under the wrong statute. If it proposed to punish him for the maintaining of a place where intoxicating liquor was kept for sale or sold, it likewise proceeded under the wrong statute.

We hold that the evidence failed to disclose a violation of the bootlegging statute.  Judgment below is, accordingly, reversed.—*Reversed.*

FAVILLE, C. J., and STEVENS, ARTHUR, and ALBERT, JJ., concur.