STATE OF IOWA, Appellee, v. T. J. TERRY, Appellant.

**CRIMINAL LAW:** Trial—Reopening Case After State Has Rested.   It 1   is proper, after the State has rested, to reopen the case and receive additional testimony.

**INCEST:** Prosecuting Witness as Accomplice—Nature of Corroboration. 2   Testimony corroborative of the testimony of a prosecuting witness in a charge of incest *must*, in order to be sufficient, tend to connect or point out the defendant as the perpetrator of the offense.

**INCEST:** Prosecuting Witness As Accomplice—Birth of Child As Cor- 3   roboration.   The fact that a child was born to a consenting prosecutrix in a charge of incest will not constitute sufficient corroboration of her testimony when there is no claim on the part of prose-

cutrix that the accused was the father of the child, and no testimony tending to show that the accused is the only person who could have been such father.

CRIMINAL LAW: Limitation of Prosecution—Election to Rely on
4   Specific Act—Effect. When the State elects to rely on a specific act, occurring on a specific date, it is necessarily erroneous to so instruct as to neutralize the election: i. e., to instruct that the accused may be convicted on any criminal act occurring within the statute of limitation.

CRIMINAL LAW: Reception of Evidence—Election Between Acts—
5   Effect on Prior Received Testimony. An election by the State (in a case of incest) to rely on a named specific act, does not work a right in the accused to eliminate from the record all testimony of acts occurring *subsequent* to the act on which the State elects to rely; but the court should clearly instruct that the jury can only convict on the elected act, but may consider the testimony of other acts as bearing on the question of guilt of the elected act.

Headnote 1: 16 C. J. p. 871. Headnote 2: 16 C. J. p. 701; 31 C. J. p. 388. Headnote 3: 31 C. J. p. 388. Headnote 4: 16 C. J. pp. 681, 856. Headnote 5: 16 C. J. p. 602.

*Appeal from Shelby District Court.*—J. S. DEWELL, Judge.

APRIL 8, 1925.

DEFENDANT Terry, on indictment of the grand jury, was convicted of the crime of incest; and from judgment entered thereon he appeals.—*Reversed.*

*Ernest M. Miller,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

ALBERT, J.—The daughter, Laurenia Eckerd, was the only witness in behalf of the State. After she had given her testimony, defendant made a motion for a directed verdict in his behalf; and before the same was ruled on, the State made application to introduce further testimony, which application was granted. Prosecuting witness was again placed on the witness stand. At the

1. CRIMINAL LAW: trial: reopening cause after State has rested.

close of her testimony, the motion to direct a verdict was renewed by the defendant, and was again overruled by the court. Defendant then testified in his own behalf; and at the conclusion of his testimony, both sides rested, and the defendant again renewed his motion to direct a verdict, which was again overruled.

The point urged by the defendant was that the court erred in permitting the State to reopen its case after it had rested, to introduce further testimony.

We have repeatedly held that this is a discretionary matter with the court, and that, unless some abuse of discretion is shown, it is not reversible error.

The order of trial in criminal cases is marked out in Section 5372 of the Code of 1897. After providing for the preliminaries, it is provided that the State may offer the evidence in support of the indictment. Defendant may then offer evidence in support of his defense. Parties then may offer rebuttal evidence only, unless the court, for good reason, in furtherance of justice, permits them to offer evidence upon their original case. Under this section, the procedure had in the case at bar is approved. *State v. Flynn,* 42 Iowa 164; *State v. Burk,* 88 Iowa 661; *State v. Johnson,* 89 Iowa 1; *State v. Leonard,* 135 Iowa 371; *State v. Thomas,* 158 Iowa 687.

The court did not err by reopening the case and allowing the further examination of the prosecuting witness.

A point is made that the prosecuting witness was not corroborated, as required by statute. It is apparent from the casual reading of Section 5488 of the Code of 1897 (Section 13900 of the Code of 1924) that the crime for which the defendant is on trial is not covered by that section; and if corroboration is necessary in an incest case, it must be by reason of Section 5489 of the Code of 1897 (Section 13901 of the Code of 1924), which reads as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

It is well settled in this state that, where the prosecuting witness voluntarily participates in the incestuous act, she is an

accomplice, and her testimony alone is not sufficient to sustain
a conviction; but there must be other testimony,
aside from hers, which shall tend to connect the
defendant with the commission of the offense.
*State v. Pelser,* 182 Iowa 1; *State v. Heft,* 155
Iowa 21; *State v. Goodsell,* 138 Iowa 504; *State v. Brown,* 146
Iowa 113.

*2. INCEST: prose-cuting witness as accomplice: nature of cor-roboration.*

Where, however, the prosecuting witness is not an accom-
plice,—that is to say, where she is the victim of force, fraud, or
undue influence, and does not willingly join in the incestuous
act,—her testimony alone may be sufficient to sustain a convic-
tion. *State v. Goodsell,* supra; *State v. Stalker,* 169 Iowa 396;
*State v. Kouhns,* 103 Iowa 720; *State v. Rennick,* 127 Iowa 294.

It is therefore apparent, from this line of cases, that whether
or not the prosecuting witness is an accomplice depends upon
whether or not she voluntarily submitted to the incestuous acts.

The question of what is corroborative testimony, under such
circumstances, is a question that has been somewhat clouded by
some expressions in our decisions; but a careful reading of the
cases and the statute should not leave this question in doubt.
The corroboration required under the statute is not supplied
by merely showing the commission of the offense or the circum-
stances thereof; but it must go further, and be of that nature
and character which shall tend to connect the defendant with
the commission of the offense. It is so nominated in the statute.
This question has been elucidated in numerous cases, among
which are *State v. Duncan,* 158 Iowa 652; *State v. Blackburn,*
136 Iowa 743; *State v. Dolan,* 132 Iowa 196; *State v. Coffman,*
112 Iowa 8.

The testimony in this case shows that the prosecuting wit-
ness was a woman past 30 years of age, who had been married
for 4 years, when her husband died. She formerly lived in
Oklahoma, and later moved to Iowa. She was subject to at-
tacks of epilepsy from her early youth, which occurred quite
frequently; but she says that in her later life the hiatus between
these attacks was longer. She claims that these indulgences be-
tween her and her father occurred at various times, covering
some 18 months prior to his indictment. At another place in

her testimony she says that they commenced less than a year before that time.

The peculiarity of this woman's testimony is that no date of any kind or character is fixed as to any of the alleged acts. The whole thing is hazy, indefinite, and uncertain.

The State was required to elect on which of the various acts claimed by her it would stand, and chose the one of October 1, 1922; but we have diligently sought the record, and, after reading and rereading it, we are unable to find any evidence of any illicit act between these people on that date. The exact date is unimportant in many respects; but, on account of certain questions raised herein, it is of vital importance. It is the claim of the State that this plaintiff at no time and no place consented to any of these illicit acts. She claims that some of them at least occurred while she was under an epileptic fit, or just recovering therefrom; and that she was not in a condition to consent, and therefore was not a voluntary participant. The court seems to be of this opinion, and undertook to submit to the jury the question of whether or not she was physically or mentally able to consent, as a question for the jury to decide, and then attempted to apply the rule of corroboration heretofore set out. In submitting this question to the jury, he gave Instruction 14, which reads as follows:

"Testimony has been introduced, tending to show that the prosecuting witness, Laurenia Eckerd, was, at the time of the alleged offense, afflicted with a bodily, and perhaps mental, disease which, to some extent, incapacitated her from acting as, or exercising the acts of, a normal person; and in considering her claim that she did not consent to any acts of sexual intercourse, if any were committed between her and the defendant, you may and should take into consideration her physical and mental condition, so far as shown by the evidence, in determining whether or not she did, in fact, consent to such intercourse, if such intercourse in fact occurred. If you find from the evidence that said Laurenia Eckerd was in a normal state of mind and normal physical condition at the time of the alleged offense, and voluntarily consented thereto, if any offense was committed, then and in that event the defendant cannot be convicted in this proceeding on her testimony unless the same be corroborated by some

other fact or circumstance shown in evidence. But in this connection, if it appears from the evidence that the prosecuting witness, Laurenia Eckerd, gave birth to a child after it is claimed the offense charged in this indictment was committed, such fact would tend to corroborate her testimony. But if it appears from the evidence that an offense was in fact committed by the defendant, and that the said Laurenia Eckerd did not consent thereto, or if it appears from the evidence that her condition was such that she was incapable of giving resistance, or incapable of giving intelligent and voluntary consent to the act of the defendant, if any were committed by him as alleged in the indictment, then you would be warranted in finding the defendant guilty of such crime, if all other material matters herein required are shown beyond all reasonable doubt, without such testimony being corroborated.''

This instruction is vitally wrong in several respects. In the first place, it does not call for the corroborative evidence provided for in said Section 5489, but only covers general corroboration of her testimony, and does not call for that class of corroborative testimony which tends to connect the defendant with the commission of the offense.

Another error in the instruction, which is prejudicial and reversible, grows out of these facts: It is conceded that this prosecuting witness gave birth to a child in July, 1923. The weakness of the State's testimony lies in the fact that she at no place in her testimony claims that her father was the father of the child. Neither is there any testimony tending to show, either affirmatively or negatively, that someone else might not have been the father of the child. But be that as it may, the court said to the jury, in the instruction above quoted, that, if it appeared from the evidence ''that the prosecuting witness * * * gave birth to a child, * * * such fact would tend to corroborate her testimony.''

3. INCEST: prosecuting witness as accomplice: birth of child as corroboration.

We have repeatedly laid down the rule that the prosecuting witness cannot corroborate herself; and further, that the birth of a child under these circumstances is not the corroborating testimony which points out the defendant and connects him with the commission of the crime. *State v. Blackburn*, supra;

*State. v. Coffman,* supra; *State v. Kissock,* 111 Iowa 690; *State v. McGinn,* 109 Iowa 641.

The indictment was returned in this case on the third day of October, 1923. The State elected to stand on the alleged act of the first day of October, 1922, which, according to plaintiff's testimony, was preceded and succeeded by numerous other acts. In Instruction 13 the court enumerated to the jury the elements constituting this crime, and told the jury that they might convict the defendant on the proper proof of any acts proved that occurred within three years immediately preceding October 3, 1923, the date on which the indictment was returned. It is therefore apparent, under this instruction, that, although the State elected to stand on the act of October 1, 1922, the full force of that election was wholly eliminated by the instruction which permitted the jury to find him guilty of any act which occurred within three years before the said October 3d. In this respect, the date of October 1, 1922, was material, and should have been protected and instructed upon, as what was given in relation thereto is deficient in this respect.

*4. CRIMINAL LAW: limitation of prosecution: election to rely on specific act: effect.*

The State elected to stand upon the act of October 1, 1922. The defendant then moved to strike all evidence of subsequent indulgences between these parties, occurring after said date. This was overruled by the court, and is now urged as error. We have never had this question squarely before us in an incest case. We have held that evidence of indulgences before the date fixed upon by the State was admissible, to show the relation of the parties and throw what light it could upon their disposition and conduct toward each other. We have held, however, in certain other sexual crimes, that similar acts, after as well as before the time in controversy, were admissible in evidence. *State v. More,* 115 Iowa 178; *State v. Leek,* 152 Iowa 12; *State v. Mackey,* 82 Iowa 393; *State v. Powers,* 181 Iowa 452.

*5. CRIMINAL LAW: reception of evidence: election between acts: effect on prior received testimony.*

The rule outside of this jurisdiction is quite in conflict between the various states. However, the following cases hold that evidence of subsequent similar acts is admissible. *Mathis v. Commonwealth* (Ky.), 13 S. W. 360; *Burnett v. State,* 32 Tex.

Cr. 86; *People v. Koller,* 142 Cal. 621 (76 Pac. 500); *State v. Reineke,* 89 Ohio St. 390 (106 N. E. 52); Bishop on Statutory Crimes (3d Ed.), Section 682; 1 Wigmore on Evidence (2d Ed.), Section 398; Underhill on Criminal Evidence (2d Ed.), Section 381; 16 Corpus Juris 602, Section 1167. We feel that this is the better rule, and should be the rule in Iowa.

When testimony of similar acts is admitted herein before or after the one relied on by the State, the jury should be instructed that they can only convict on proper proof of the particular act selected by the State; but they may consider evidence of other similar acts, both before and after the one so selected, for what they deem such evidence worth, in determining whether the act charged was actually committed. They cannot convict on any other act than the one selected by the State.

As this case is to be reversed and remanded, we do not pass upon the sufficiency of the testimony; because, on a retrial of the case, the testimony may be wholly different from what it is in this case.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.