STATE OF IOWA, Appellant, v. OTTO KENNE, Appellee.

INTOXICATING LIQUORS: Bootlegging—"Carrying on Person" Defined. An indictment for unlawfully "carrying around liquor on the person" is not supported by evidence which simply shows that the accused, when solicited to sell intoxicating liquors, went to an oat bin, dug up a bottle of such liquor, and from such bottle filled another bottle which he sold to the prosecuting witness.

Headnote 1:  33 C. J. pp. 606, 759.

*Appeal from Kossuth District Court.*—D. F. COYLE, Judge.

DECEMBER 15, 1925.

UNDER an indictment for bootlegging, the court directed a verdict for the defendant, and the State appeals.—*Affirmed.*

*Ben J. Gibson,* Attorney-general, and *W. B. Quarton,* County Attorney, for appellant.

*E. V. Swetting,* for appellee.

ALBERT, J.—The claim of the State is that, under the evidence, the district court erred in directing a verdict for the defendant.

All the testimony introduced on behalf of the State comes from the witness Steussy. After testifying to the time and place, he says:

"I have known Otto Kenne for probably 25 or 30 years. I met him at the Gazette livery barn in Whittemore. I bought liquor of him there. Asked him for the purchase of liquor, and

he got a quart bottle out and filled it for me. He got the quart bottle out of an oat bin—a feed bin in Mr. Gazette's barn. He filled a bottle for me. I have got that bottle, and here produce it, the bottle being marked Exhibit A.''

On cross-examination, he says, in relation to this matter:

''I don't remember of seeing anyone outside of Mr. Kenne in the barn when I got that bottle. Kenne got this bottle out of an oat bin in the livery barn—a feed bin I suppose is what you would call it. I did not see anybody in or about the barn except Kenne. He poured it from a quart bottle in that bottle there— from a quart bottle into this one. He had no funnel—he just turned up the quart bottle from one container into the other. I do not know where he got the empty bottle. He gathered it up around the barn some place. I could not say just where he gathered it.''

Section 1927, Code of 1924, which was in operation at the time in question, reads as follows:

''Any person who shall * * * keep or carry around on his person * * * any intoxicating liquor as herein defined, with intent to sell or dispose of the same * * * shall be termed a bootlegger, * * *''

The indictment in this case covers ''keeping and carrying around'' liquor on the person, and unlawful soliciting or accepting orders. The latter phase of the indictment is not in question in this appeal. In the trial of the case in the district court, the State made no claim whatever against the defendant under the word ''keep,'' as used in the indictment, and so stated in words to the court. The lone question submitted is whether or not there was sufficient evidence in the record to carry the case to the jury on the charge of unlawful ''carrying around liquor on the person.'' We are disposed to hold that, under the evidence submitted, the district court was warranted in directing a verdict in favor of the defendant. We have heretofore held that, where the defendant has a cache for the storage of his liquor, and when application is made to him for liquor and he goes to that place and carries the liquor *in his hand* from that place and delivers it to the purchasers, it is sufficient ''carrying around on the person'' to amount to a violation of this statute. *State v. Alderman,* 187 Iowa 244. On the other hand, however,

we had this question before us in the case of *State v. Speedling*, 199 Iowa 1218, in which case the purchaser went to the defendant's place of business, which was a drugstore, and purchased a bottle of ''jake'' from the defendant, who simply took the bottle from the shelf, handed it to the purchaser, and took his money. In that case we held that there was not a violation of this section of the statute, because there was no ''carrying around on the person.'' It is evident that the intent and purpose of this statute are to cover the class of persons who make a business of peddling intoxicating liquor by carrying it around on their person or in a vehicle. The evidence in this case was abundant to convict the defendant of an illegal sale or unlawful keeping with intent to sell, or perhaps he would be guilty of the charge of maintaining a nuisance; but none of these latter crimes are included in the indictment.

While we are not unmindful of the statute which provides that these laws are to be liberally construed for the purpose of preventing evasion, we do not feel warranted in amending it by judicial revision. Neither are we disposed to enlarge the statute by making it cover acts and conduct which are not covered by its wording. The court was not in error in directing a verdict for the defendant herein.—*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.