STATE OF IOWA, Appellee, v. G. A. WEBB, Appellant.

INTOXICATING LIQUORS:   Bootlegging.—Insufficient Showing.   One who, in his place of business, obtains intoxicating liquors from a loft, by means of a ladder, is not guilty of "bootlegging," within the meaning of Sec. 1927, Code of 1924.

Headnote 1:   33 C. J. p. 756.

*Appeal from Union District Court.*—H. H. CARTER, Judge.

JULY 1, 1927.

The defendant was convicted of the crime of bootlegging, and appeals.—*Reversed.*

*E. L. Carroll* and *C. T. Gibson*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

VERMILION, J.—The defendant was charged by indictment with a violation of Section 1927, Code of 1924, it being alleged that he ''did unlawfully keep and carry around on his person said intoxicating liquor, with intent to sell the same.''

The assignments of error all relate to the sufficiency of the evidence to sustain the verdict.

The evidence was in sharp conflict, the defendant denying that the transaction testified to by the State's witnesses occurred at all. The jury found the facts against the defendant. With that conclusion we cannot interfere, if the facts testified to on behalf of the State will support the verdict.

The defendant ran a gasoline filling station. Two witnesses testified for the State to the purchase of a bottle of liquor from the defendant. One of them said:

''I asked Webb about some liquor, and he said, 'All right; step inside.' We went into a small room at the south end of the oil station. I asked Webb what he had. He said, 'Alcohol, two and a half a pint.' I told him I would take half a pint. He climbed up a ladder,—kind of loft,—and got this liquor. I remarked that the liquor was warm. He said he had had it buried. * * * He just handed it to me. He had it in his hands.''

The other witness testified:

''We all went into a back room, and Webb leaned a short ladder up against something there,—there was a lot of stuff in the room,—and got this half-pint bottle from some place,—a loft or partition of some kind.''

On cross-examination, he said:

''Mr. Webb mounted a ladder, and took down the liquor from some place above, and handed it to Mr. Miller.''

In *State v. Alderman*, 187 Iowa 244, where the defendant did not have the liquor on his person at the time of the negotiations for its sale, but went to another place, where he had it stored, and transported or carried it in his hand to the purchaser, we upheld the conviction. We said:

"The bootlegging statute does not ·require the State to show just what distance or for how long the liquor has been carried.''

In *State v. Speedling*, 199 Iowa 1218, the defendant, standing behind a counter, on a request for liquor, took a bottle from a shelf back of the counter and handed it to the purchaser, without moving from the place where he was standing when the request was made. We held that the offense of carrying liquor on the person with intent 'to sell had not been committed.

In *State v. Kenne*, 200 Iowa 1239, we held, where the defendant went to an oat bin, and filled a bottle from another kept in the bin, and there sold it, that the offense of carrying the liquor on the person was not shown.

The evidence on behalf of the State tended to show an unlawful sale of intoxicating liquor, or the maintenance of a nuisance, but not an unlawful carrying or transportation of liquor. No more is shown than that the defendant procured the liquor from its hiding place, and then and there delivered it to the purchaser.

The case is ruled by *State v. Speedling*, supra, and *State v. Kenne*, supra, and the judgment is—*Reversed.*

All the justices concur.