STATE OF IOWA, Appellee, v. ROY CAMBRIDGE, Appellant.

No. 42102.

OCTOBER 24, 1933.

Shirley A. Webster, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and Charles D. Van Werden, County Attorney, for appellee.

DONEGAN, J.—Roy Cambridge was tried in the district court of Madison county, Iowa, and found guilty under an indictment charging him with the crime of bootlegging, and appeals to this court. He sets out three errors relied upon for reversal, which are substantially as follows:

1. The trial court erred in refusing to sustain defendant's motion in arrest of judgment on the ground that the verdict was not supported by sufficient evidence.

2. The trial court erred in refusing to sustain the defendant's motion for a new trial on the ground that the verdict was the result of passion and prejudice.

3. The trial court erred in overruling the defendant's motion in arrest of judgment and for new trial.

As the third ground set out seems to be merely a repetition of the errors alleged in the first two grounds, it will be unnecessary to consider it in this opinion.

I. Appellant's principal contention is that the verdict and judgment in this case are not supported by sufficient evidence. In support of such contention, he argues that the evidence does not sufficiently show that he was identified by the state's witnesses as the person from whom the alleged intoxicating liquor was purchased, and that there is not sufficient proof that the liquor sold was intoxicating liquor.

The indictment in this case was based upon the sale of a bottle of alcohol alleged to have been made by the defendant at his home in Winterset, Iowa, to one Dana Thompson. The evidence shows the alleged sale to have been made in the evening, and that at the time when made said Dana Thompson was accompanied by a companion named Clark Bruett. In his direct examination on the trial of the case Dana Thompson failed to positively identify the defendant as the person from whom he purchased the alleged alcohol. In answer to the question, "Did you see Roy Cambridge when you were down there?" he answered, "I don't think that is the man I saw." Again, in answer to the question, "Do you know who it was you purchased it of?", he answered, "I think it was Mr. Cambridge, but it don't look like the same person to me now." He further stated that he purchased the bottle of alcohol in question at defendant's home in Winterset, Iowa; that he did not think the person who sold him the alcohol was as fat as the defendant; that the only difference he saw between the man who sold him the alcohol and the defendant was that the man who sold him the alcohol was not quite so fat, and repeated several times that he would not say that the defendant was or was not the man who sold him the alcohol. The witness Clark Bruett, who accompanied Dana Thompson at the time the purchase of the alcohol was made, stated positively that the defendant was the same person from whom the alcohol was purchased by Thompson; that, although it was somewhat dark and he was not able to tell the color of the hair of the person who delivered the alcohol to Thompson, or the kind of clothes worn by him or his weight, the defendant was in his mind the same person as the man from whom the alcohol was purchased. On cross-examination, after having been questioned about the man who came to the door with the alcohol at the time it was purchased by Dana Thompson, the witness Bruett was asked the following question and made the following answer: "Q. I just want to know if you are sure that this is the same man you saw come to the door?   A. Yes,

sir." And, again, on recross-examination the following question and answer appear: "Q. You want to say this man was close enough to you so you could tell who it was? A. Yes, sir."

The evidence of the witness Dana Thompson is positive to the effect that he purchased the alcohol at the home of the defendant, and, taken as a whole, we think it quite clearly shows that the only difference which he saw between the man from whom he purchased the alcohol and the defendant at the time of the trial was that the defendant appeared to be heavier or fatter than the person from whom the alcohol was purchased, but that otherwise he looked like the same man. The evidence of the witness Clark Bruett is quite positive in his identification of the defendant as the man who handed the bottle of alcohol to Dana Thompson at the time of the alleged purchase, and, however much this evidence may be weakened by the admissions that he could not tell the kind of clothes worn by the man who delivered the bottle of alcohol or the color of his hair or his weight, these admissions do not render the evidence insufficient, but are merely matters for consideration of the jury in determining the weight of the evidence and the credibility of the witness. In our opinion, there is sufficient evidence in the record upon which the jury could base its verdict, and there was no error on the part of the trial court in overruling defendant's motion in arrest of judgment or for a new trial on the ground of the insufficiency of such evidence.

Contention is also made by the appellant that the evidence was insufficient to show that the liquor sold to Dana Thompson was intoxicating. The evidence of Dana Thompson was that he drank some of the liquor purchased, that he had drunk alcohol before this time and knew the smell of alcohol, and, in answer to the question as to whether or not it was alcohol that he purchased at the Roy Cambridge home, he said, "I sure thought it was." In our opinion, the evidence is sufficient as to the intoxicating character of the liquor purchased.

II. Defendant's second ground of error is that the court erred in refusing to sustain his motion for a new trial on the ground that the verdict was the result of passion and prejudice. We have examined the record carefully, and from such examination we find that no objection of any kind was made to the matters which are now alleged to have been prejudicial, and no exceptions taken thereto. From our examination of the record we do not find suf-

ficient to indicate that the matters complained of by appellant were such as to arouse the antagonism of the jury toward him, and we find no reason for holding that the verdict in this case was the result of any passion or prejudice on the part of the jury.

Appellee suggests that the record fails to show any motion for a directed verdict, or exceptions to instructions, or motion in arrest of judgment, or for new trial within the time allowed by law, and that there is therefore no question that could properly be presented to this court upon appeal. In view of the decision reached upon the merits, it becomes unnecessary for us to pass on these suggestions made by the appellee.

The verdict and judgment of the trial court is affirmed.— Affirmed.

ALBERT, C. J., and EVANS, KINDIG, CLAUSSEN, MITCHELL, and KINTZINGER, JJ., concur.