**STATE of Iowa, Appellee,**

v.

**Arthur J. BRUSTKERN, Appellant.**

No. 53305.

Supreme Court of Iowa.

Sept. 5, 1969.

Isadore Nadler and Roger F. Rader, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Roger F. Peterson, County Atty., for appellee.

SNELL, Justice.

A Black Hawk County jury convicted defendant of the crime of bootlegging in violation of section 123.59, Code of Iowa. He has appealed from the judgment thereon challenging the sufficiency of the evidence to support a conviction under this section. When such contention is made, we view the evidence in the light most favorable to the State.

On Sunday, March 3, 1968, Earl Immer, a member of the Cedar Falls Police Department, entered the Evansdale Hardware and Variety Store in Evansdale operated by defendant. He told defendant he would like a couple of six-packs of beer. When identification was requested he gave a false reference and produced an employment card in the name of David Moon. Immer said he was helping a friend move into Droste's Trailer Park. Defendant then informed the witness he had hard liquor to sell, too, if he wanted some.

Immer asked for four six-packs of beer and two pints of whiskey. Brustkern got the beer out of a cooler and put it on the counter. He then walked to the back of the store, got two pints of Five Star whiskey out of a drawer or cupboard and put them on the counter. Immer paid defendant $9 for the whiskey and $10 for the beer. He put the package prepared by defendant under his arm and left the store. He and another officer labeled the purchases for identification. A chemical test identified the liquid in the two bottles as an alcoholic beverage.

Defendant was charged with violating section 123.59, Code of Iowa, which provides:

" 'Bootlegger' defined. Any person who shall, by himself, or his employee, servant, or agent, for himself or any person, company, or corporation, keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any alcoholic liquor as herein defined, with intent to sell or dispense of the same by gift or otherwise in violation of law, or who shall, within this state, in any manner, *directly or indirectly, solicit, take, or accept any order for the purchase, sale, shipment, or delivery of such alcoholic liquors in violation of law,* or aid in the delivery and distribution of any alcoholic liquors so ordered or shipped, or who shall in any manner procure for, or sell or give any alcoholic liquors to any minor or interdicted person, for any purpose except as authorized and permitted in this chapter, shall be termed a bootlegger and upon conviction shall be sentenced to the county jail or the penitentiary, in the discretion of the court, for a period not exceeding one year." (Emphasis added)

The information charged defendant with violation of the italicized portion of the statute.

I. Defendant claims the facts here do not show a violation of the pertinent provisions of section 123.59. He argues they show only an unlawful sale of liquor by defendant on his own premises which is covered by sections 123.3 and 123.91, or 123.60 and 123.61, not the solicitation for future delivery which the statute was intended to prohibit.

The thrust of defendant's argument is that he was guilty of a punishable offense but was prosecuted under the wrong statute. He says in concluding his argument, "The verdict and judgment in this case should be reversed for the failure of the evidence to support it and a judgment should be entered finding the defendant guilty of a violation of section 123.3 of the 1966 Code of Iowa and the defendant should be given a sentence appropriate to section 123.91 of the 1966 Code of Iowa, which sentence takes into consideration the sentence which he received heretofore in this case."

The statutory penalties under the different statutes are not exactly the same. Except for a possible desire for a maximum penalty no good reason appears for resort to the statute here involved rather than to a statute clearly applicable.

The exact point was presented in State v. Speedling, 199 Iowa 1218, 201 N.W. 561, decided in 1925. The opinion supports defendant's contention. There a druggist made a sale of "jake" in his store by taking a bottle off the shelf and handing it to the customer without moving from the place where he was standing. He was convicted of violation of a statute identical to 123.59.

The State there contended the amendment to the statute which added the italicized portion of the statute "broadened the original statute so as to bring within its purview such an unlawful sale as was made by the defendant at the time in question." We said:

"If such be true, then the statute has simply twice defined the unlawful sale of intoxicating liquor, and by the mere process of adopting different names to the offense has created a double jeopardy for the same offense. * * * *The statute in question was intended to meet a well-developed method of accomplishing unlawful sales of intoxicating liquor without maintaining a place for that purpose. * * That portion of the bootlegging statute covered by the amendment above set forth is not an attempt to provide punishment for unlawful sales.* Such punishment is fully provided for in another statute. The purpose of such amendment was to reach the offender who solicits orders in advance for the purpose of making later shipment and delivery. [Emphasis added]

"This amendment may carry some infirmity. But assuming it to be wholly valid strictly in accordance with its terms, the actual sale or delivery of intoxicating liquor is not essential to its violation. According to its terms, the offense therein defined is complete where an order is solicited or accepted, regardless of whether shipment or delivery is ever thereafter made. It does not purport to have any reference to any present sale or delivery or payment.

"If therefore the state proposed to punish the defendant for unlawful sale of intoxicating liquor, it proceeded under the wrong statute. If it proposed to punish him for the maintaining of a place where intoxicating liquor was kept for sale or sold, it likewise proceeded under the wrong statute." (loc. cit. 1220 and 1221 of 199 Iowa, loc. cit. 561 of 201 N.W.)

This is the only case we have found dealing with this particular portion of the statute. It has been cited only twice. State v. Kenne, 200 Iowa 1239, 1241, 206 N.W. 247, decided in 1925, and State v. Webb, 204 Iowa 135, 137, 214 N.W. 568, decided in 1927, support the broad statement contained in Speedling as to the purpose of the statute, but deal with the unlawful carrying portion rather than the portion under which defendant was charged here. Neither case involved the point involved here.

The State cites State v. Cambridge, 216 Iowa 1422, 250 N.W. 731, in which defendant was convicted under this section for the sale of intoxicating liquor in his home. The facts are similar but the question raised here was not before the court in Cambridge. The question was the sufficiency of the evidence as to the identity of the defendant. The Speedling case is not mentioned.

State v. Speedling, supra, was decided during prohibition when prosecutions for crimes of this nature were much more common.

We agree that the statute involved in Speedling and here closed a loophole existing under other liquor laws. It reaches "the offender who solicits orders in advance for the purpose of making later shipment and delivery." Under the statute "the offense therein defined is complete where an order is solicited or accepted, regardless of whether shipment or delivery is ever thereafter made." It does not follow that words may be read out of the statute. The statute does not say that there must be a lapse of time between acceptance of an order and delivery. It does not suggest that prosecutions are limited to situations involving future delivery. It is not limited to situations not covered by other statutes. The sale is not the gist of the offense, but it indicates that there was a direct or indirect solicitation or acceptance of an order.

In the case at bar there was at least an indirect solicitation. Defendant said he had hard liquor to sell if the customer want-

ed some. The customer asked for two pints of whiskey and four six-packs of beer. Defendant got the beer from a cooler then went to the back of the store and got two pints of Five Star Whiskey. The customer paid for the whiskey and beer. Defendant prepared the package. The customer took the package and left the store. Every element necessary under the statute appeared.

II. The statute says: "Any person who shall * * * in any manner, * * * solicit, take or accept any order for the purchase, sale * * * or delivery of such alcoholic liquors in violation of law * * * shall be termed a bootlegger and upon conviction shall be sentenced * * *."

■ Here defendant solicited, accepted the order for purchase, sale and delivery. The fact that here there was evidence of more than required by the statute and also a violation of another statute does not invalidate a prosecution thereunder.

III. In Speedling, supra, loc. cit. 199 Iowa 1221, loc. cit. 201 N.W. 562, these words indicate the premise for the court's thinking: "The purpose of such amendment was to reach the offender who solicits orders in advance for the purpose of making later shipment and delivery." On the basis of this thinking the case rules out situations where there is immediate delivery.

■ In recent years we have repeatedly said that it is not for us to speculate as to probable legislative intent apart from the wording used.

In Kruck v. Needles, 259 Iowa 470, 477, 144 N.W.2d 296, 301, this appears:

"The intent of the legislature in enacting this statute which is controlling here is to be gathered from the statute itself. It is our duty to give it the interpretation its language calls for and not to speculate as to probable legislative intent apart from the wording used. ' "We do not inquire what the legislature meant. We ask only what the statute means." ' In re Guardianship

of Wiley, 239 Iowa 1225, 1231, 1232, 34 N.W.2d 593, 596; Lever Brothers Co. v. Erbe, 249 Iowa 454, 469, 87 N.W.2d 469, 479, and citations; Hill v. Electronics Corp. of America, 253 Iowa 581, 587, 113 N.W.2d 313, 317, and citations.

"Even in construing statutes courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said. This proposition is so well established that authorities need not be cited for it. Rule 344(f) 13, R.C.P."

In Cedar Rapids Steel Transportation, Inc., v. Iowa State Commerce Commission, Iowa, 160 N.W.2d 825, 830, we held that it is not the court's prerogative to read into a statute intent and purpose not therein expressed.

IV. In Speedling, supra, loc. cit. 199 Iowa 1221, loc. cit. 201 N.W. 562 in referring to the statute this statement appears: "It does not purport to have any reference to any *present* sale or delivery or payment." (Emphasis added)

■ To hold that the statute does not apply where there is a present sale, delivery or payment reads into the statute words that are not there and reads out of the statute words that are there. This we may not do.

In re Guardianship of Wiley, 239 Iowa 1225, 1228, 34 N.W.2d 593, 594, says:

"We think the guardian ad litem is asking us either to read out of the statute the clause we have italicized or to add a provision which greatly limits its meaning and that the construction for which he contends conflicts therewith. Of course we have no power to read the italicized language out of the statute nor to add thereto. [Citations]"

V. Defendant directs his argument at the first part of the statute. That part is aimed at a person who carries liquor on his person or in a vehicle or leaves it in a place for another to secure, with intent to sell or

dispense. Defendant was not charged with violating that part of the statute. As submitted to the jury it was charged that defendant "did willfully and unlawfully, within the State of Iowa, directly or indirectly solicit, take or accept an order for the purchase, sale, shipment or delivery of alcoholic liquor * * *."

The State's argument says, "The legislature, in its attempt to create a broad prohibition, * * * provided a statute which is not a model of clarity." It contains "awkward grammar."

The statute consists of one sentence containing 174 words. The word "or" appears 20 times. The word "and" appears only 3 times. There are many ways in which the statute may be violated. The sentence is long and provisions are broad. It is not a model for cursory reading, but it is not unclear. The words necessary to cover the situation before us are all there.

VI. We think the Speedling case overlooks pertinent provisions of the statute. Rather than attempt to distinguish it from the case at bar we think it should be overruled when applied to a case where there is solicitation, taking, or acceptance of an order and immediate delivery.

VII. We are not unaware of the familiar rule that failure of the legislature to act after a statute has been interpreted indicates the acquiesence of the legislature in such interpretation. General Mortgage Corporation of Iowa v. Campbell, 258 Iowa 143, 152, 138 N.W.2d 416, 421.

The 60th General Assembly in 1963 in chapter 114, section 20 changed a few words in the statute. The change is not applicable here. There has been no material change after interpretation.

As indicated, supra, no compelling reason in the interest of law and order required resort to this statute in this case. More convenient although less punitive provisions were available. This may account for the infrequent resort to this statute in comparable situations. In any event Speedling has not been cited for over 40 years. It

does not state a rule or philosophy that is firmly ingrained and regularly followed in our state. Stability in our law is important but here we foresee no upsetting consequences in the abandonment of what we consider an unsound precedent.

This is not even a case where defendant claims immunity from punishment. He has been sentenced but the sentence was suspended and defendant paroled. He says he should be sentenced under a different statute. We find no cogent reasons for reversal here and resort to the procedure suggested.

In Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212, we considered the problem of overruling a well known, thoroughly established and regularly used precedent. The change had far greater impact on our law than what we do here. These statements therefrom are appropriate here.

"We have concluded here, however, that more mischief will be done by adhering to the precedent established in the Secured Finance Company [Secured Finance Co. v. Chicago, R. I. & P. R. Co., 207 Iowa 1105, 224 N.W. 88, 61 A.L.R. 855] case than by overruling it. It proceeds upon a wrong principle, built upon a false premise, and arrives at an erroneous conclusion." (loc. cit. 714 of 247 Iowa, loc. cit. 216 of 74 N.W. 2d.)

VIII. Double jeopardy protection is fundamental to our system of justice. It was recognized in English cases as early as the twelfth or thirteenth century. It is recognized in the Fifth Amendment to the Constitution of the United States. Article I, Section 12, Constitution of the State of Iowa provides: "No person shall after acquittal, be tried for the same offence."

Protection against double jeopardy appears in most state constitutions. The concept of the rule in the several jurisdictions has varied somewhat according to different situations. See article by Professor Marlyn E. Lugar, 39 Iowa Law Review 317, Note in 42 Iowa Law Review 593, and Comment in 52 Iowa Law Review 109.

The suggestion in State v. Speedling, supra, about double jeopardy under the bootlegging statute is in no way controlling here. The prosecution in Speedling was based on a sale. In the case at bar there was a sale but it was the culmination and not the gist of the offense. The prosecution was not based on the part of the statute also covered by other statutes. There has been no "acquittal" as referred to in our Constitution.

The question of double jeopardy in the case at bar is not argued and needs no further discussion here.

IX. Defendant also urged that the italicized portion of the statute related only to alcoholic liquors "kept or carried about on defendant's person, or in his vehicle or left in a place for another to secure", as set forth earlier in the statute. We do not so interpret it. "Such alcoholic liquors" as used in the provision in question here refers to alcoholic liquors as defined in chapter 123 and does not refer only to those alcoholic liquors "kept, carried or left". The prohibited acts are separated by the disjunctive "or" and are not cumulative.

X. To the extent that the views herein expressed are contrary thereto State v. Speedling, State v. Kenne and State v. Webb, all supra, are specifically overruled.

XI. There was sufficient evidence of solicitation, taking or acceptance of an order for the purchase of intoxicating liquor to sustain the conviction.

The case is affirmed.

GARFIELD, C. J., and LARSON, MOORE and LeGRAND, JJ., concur.

STUART, MASON, RAWLINGS and BECKER, JJ., dissent.

STUART, Justice (dissenting).

If this statute were before us for construction for the first time or if it were necessary to interpret section 123.59 as the majority has done in order to make defendant's acts subject to criminal prosecution, I would not hesitate to join the opinion.

However, in State v. Speedling (1925), 199 Iowa 1218, 1220, 201 N.W. 561, we spoke quite clearly on this question and held section 123.59 did not apply to facts indistinguishable from these. We need not reverse this holding to carry out the legislative intent to make such acts illegal because, as the majority points out, defendant could have been prosecuted under sections 123.3 or 123.60.

I cannot accept the majority's assumption that the state chose to prosecute under this section because of the severity of the penalty. There is so little difference in penalty it is doubtful the state would rely on a reversal of prior holdings to obtain a suspended sentence of a year in the penitentiary rather than a year in jail. If the state were really interested in the most severe penalty, it could have prosecuted defendant under section 125.7 which is almost identical with section 123.59 and carries a penalty of both a fine not exceeding $1000 and a year in jail.

I can see no improvement to the general law in a reversal of long standing precedents established when crimes of this type were much more common. We should not change our law to affirm this conviction. Defendant is still subject to prosecution under one of the appropriate sections. It seems to me legislative acquiescence in the interpretation placed on section 123.59 in Speedling should be recognized and a new interpretation to alleviate the state's mistake avoided.

The overruling of Speedling will create problems in the area of double jeopardy and, at the appropriate time, will require a reexamination of the many cases in which we have held these cited sections constitute separate offenses.

I would reverse.

MASON, RAWLINGS, and BECKER, JJ., join in this dissent.