STATE OF IOWA v. S. BERNSTEIN, Appellant.

**Intoxicating liquors:** SALE BY USE OF SAMPLES. The giving of a
1  drink of liquor from samples by the traveling salesman of
a foreign dealer, for the purpose of testing the quality of the
liquor which was to be sold in a foreign state where the sale
was lawful, was not a violation of Code Section 2382.

*Appeal from Warren District Court.*— HON. JAMES D.
GAMBLE, Judge.

TUESDAY, FEBRUARY 6, 1906.

The defendant was convicted of the crime of giving away
intoxicating liquor in consideration of the purchase of prop-
erty. He appeals.— *Reversed.*

*H. L. Ross,* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De
Graff,* Assistant Attorney General, for the State.

SHERWIN, J.— An information accusing the defendant
of the crime of giving intoxicating liquors in consideration
of the purchase of property was filed before a justice of the
peace and a conviction had thereon. The defendant ap-
pealed to the district court, where the case was tried to the
court on the following agreed statement of facts, and the de-
fendant was again convicted:

That defendant is a resident of Des Moines, Iowa.
That he is a traveling salesman for Simon Lewis, a liquor
dealer, whose principal and sole place of business is at Rock
Island in the State of Illinois. That Simon Lewis has no
wareroom or place of storage in the State of Iowa, and all
orders for liquor are filled from his warehouse at Rock Island,
Ill. That the said Simon Lewis is a citizen and resident of
the State of Illinois. That the business of the said defend-

ant is to travel for the said Simon Lewis to solicit, and take orders for the purchase, shipment, and delivery of intoxicating liquors. That all orders taken by the defendant are taken on blanks, a copy of which blank order is hereto attached and made a part hereof. That all such orders so taken are sent to his principal in Rock Island, Ill., subject to the approval or disapproval of said principal. That defendant was not engaged in any other business or employment, save as a traveling salesman for said Simon Lewis of Rock Island, Ill. That the liquor for which the defendant solicited orders was in the State of Illinois, and was to be shipped from Illinois to such parties as should give orders for the same. That defendant had, on May 23, 1905, in Warren county, Iowa, and carried with him as such traveling salesman, one sample case containing twelve sample bottles of liquor, which bottles were labeled with the kinds of liquors contained therein, and one grip containing six quart bottles, which were used to replenish from time to time the bottles in the sample case. That said liquor samples so carried were the property of Simon Lewis of Rock Island, Ill. That said samples were used by the defendant in soliciting trade for said Simon Lewis, and were not kept by the defendant for sale, unless the giving of samples as herein stated be held to be a sale. That defendant, in Indianola, Warren county, Iowa, on May 23, 1905, as such traveling salesman aforesaid, solicited and received orders, which orders were taken on the order blanks above referred to, from George Westerly, Ed Brasher, and William Bryson, all of Indianola, Iowa, and who ordered said liquor for their own use, and not for the purpose of sale. That defendant gave to each of said purchasers a small drink of liquor samples carried by him, for the purpose of showing the grade and quality and of their testing the liquors he offered for sale. That said sample was so given at the time of solicitation, but before the receipt of the order aforesaid. That no money was received by the defendant on the orders so taken, and the liquors so ordered were to be shipped C. O. D. to the respective parties from Rock Island, Ill. That no part of the liquors so ordered was delivered by defendant.

The statute under which the information was filed is section 2382 of the Code, and the real question for determina-

tion in the present case is whether the facts agreed upon show a violation of that statute. So far as it is material, it is as follows: " No one   .   .   .   shall for himself or any person else, directly or indirectly, or upon any pretense, or by any device   .   .   .   sell, exchange, barter, dispense, give in consideration of the purchase of any property or of any services or in evasion of the statute   .   .   .   any intoxicating liquor whatever." Under the conceded facts in the case the defendant had the absolute right to solicit and take orders for liquor which was to be sold in the State of Illinois, for such transactions are protected by the interstate commerce clause of the Constitution of the United States. Section 8 art. 1; *State v. Hanaphy,* 117 Iowa, 15. Considered without reference to the liquors carried and given to prospective purchasers as samples, the business was as legitimate as any other, and the sole question for determination is whether, · under the stipulated facts, the use of the samples in soliciting such orders was a violation of the letter or spirit of the law. This question, we think, must be answered in the negative. The purpose of the statute is to prevent the sale of liquor, no matter what guise or form such sale may assume. The language, " give in consideration of the purchase of any property or of any services or in evasion of the statute," must therefore be construed to mean that such gift shall be illegal only when its purpose is to evade the law by subterfuge or by indirect dealing intended to conceal unlawful sales. The use of the samples in soliciting legitimate orders for the same goods, as was done in the instant case, falls far short of proof that they were so used to evade the statute. Indeed, the entire transaction clearly negatives any such purpose. A simple gift of liquor to others than minors is not unlawful. *State v. Hutchins,* 74 Iowa, 20. And where it is clearly shown, as it is here, that there was no sale under the cloak of a gift or a sample, there should be no conviction. Having reached this conclusion on the facts, we find

it unnecessary to cover other questions touched upon in appellant's argument.

The judgment is *reversed*.