H. E. McCollum v. Robert McConaughy, Appellant

Courts: CONSTITUTIONAL QUESTIONS: DECISIONS OF FEDERAL COURTS AS
1 AUTHORITY: SALE OF LIQUOR: STATUTES. Our state court is not
bound by any provision of the federal constitution to follow a de-
cision of the supreme court of the United States in passing upon
the validity of a state statute, further than to recognize the ob-
ligation not to enforce a statute in violation of the constitution;
but where the supreme court of the United States has held a stat-
ute constitutional, in contravention of a prior decision of the state
court, and no property right has been acquired in reliance upon
the decision of the state court, it will reverse its ruling to conform
with that of the federal court; as where the state court held the
statute prohibiting any person from soliciting orders for the pur-
chase of liquor to be shipped by a nonresident direct to the pur-
chaser as unconstitutional, because in conflict with the interstate
clause of the federal constitution, which was subsequently held
not unconstitutional in that respect by the federal court, the state
court will overrule its prior decision so far as to restrain one from
soliciting such orders. Overruling State v. Hanaphy, 117 Ia., 15,
and State v. Bernstein, 129 Ia., 520.

Same. While an unconstitutional statute is invalid from the time of
2 its enactment; still a decision holding a statute unconstitutional
may be overruled, thus rendering the statute effective because of
the removal of the supposed objection.

*Appeal from Washington District Court.*—Hon. B. W.
Preston, Judge.

Wednesday, February 10, 1909.

Action in equity to enjoin the defendant from con-
tinuing to maintain a place for carrying on the business
of soliciting, taking and accepting orders for the purchase,
sale and shipment of intoxicating liquors for and on be-
half of a corporation located in Kentucky, thereby creating
and maintaining a nuisance. A demurrer to the peti-

tion was overruled, and defendant elected to stand upon his demurrer, and refused to plead further, whereupon the court entered a decree as prayed, and defendant appeals.—*Affirmed.*

*W. A. White,* for appellant.

*H. W. Byers,* Attorney General, *C. A. Dewey,* County Attorney, and *S. W. & J. L. Brookhart,* for appellee.

*W. H. Butterfield* and *Guernsey, Parker & Miller, amici curiae.*

McClain, J.—The acts which defendant was enjoined from committing or continuing were acts in violation of the provision of Code, section 2382, as amended by Acts 28th General Assembly, chapter 74 (Code Supp. 1907, section 2382), prohibiting any person from soliciting, taking, or accepting "any order for the purchase, sale, shipment or delivery of any [intoxicating] liquors"; and the sole question presented is as to the constitutionality of the statutory provision as applied to one who solicits orders for intoxicating liquors as the agent of a resident of another State, which orders are to be submitted to the principal in such other state and filled, if accepted, by shipment of the liquor ordered directly from such other State to the purchaser in this State. In the case of *State v. Hanaphy,* 117 Iowa, 15 (followed in *State v. Bernstein,* 129 Iowa, 520) it was held that this statutory provision was unconstitutional, on the ground that it was an unwarranted restraint upon freedom of interstate commerce, and therefore in violation of article 1, section 8, of the Constitution of the United States. It is conceded that, unless the cases above cited are to be overruled, the demurrer in this case should have been sustained; but the contention for appellee is that in the recent case of *Dela-*

*mater v. South Dakota,* 205 U. S. 93 (27 Sup. Ct. 447, 51
L. Ed. 724), the Supreme Court of the United States has
upheld the constitutionality of a State statute imposing a
license tax upon the business of soliciting orders for the
shipment of liquor to a purchaser from another State, as
against the objections which were held to be controlling
in our prior decisions, and that, as the final tribunal in
the construction of the federal Constitution has interpreted
it as not precluding such legislation, we should now sus-
tain our own statute and overrule our former cases.    It is
evident from the reading of the opinion in the *Hanaphy*
case that the controlling consideration in reaching the con-
clusion that the statute was unconstitutional was the inter-
pretation which it was thought the Supreme Court of the
United States had given to the interstate commerce clause
of the federal Constitution as affecting the validity of the
statute, and that if the recent decision had then been an-
nounced, and had been considered by this court as applic-
able to the legislation in question, a contrary decision
would have been reached.    We have then only two ques-
tions to consider:   First, whether the recent decision of
the United States Supreme Court sustains the validity of
such a statute as ours against the objection that it is an
undue interference with interstate commerce; and, second,
whether we should on that account overrule our previous
decisions, and sustain as valid the statute which was in
those decisions held to be unconstitutional.

I.    The statute of South Dakota which was under
consideration by the Supreme Court of the United States
in its recent decision provided for the punishment, as
a misdemeanor, of the act of carrying on "the business of
selling or offering for sale" intoxicating liquors within the
state, "by any traveling salesman who solicits orders by
the jug or bottle in lots less than five gallons," without
paying an annual license charge imposed by the statute;
and it is argued that a decision sustaining this statute is

not applicable to our statutory provision entirely prohibiting the soliciting, taking, or accepting, orders for the purchase, sale, shipment, or delivery of such liquor, for the reason that the South Dakota statute was a mere regulation or license in the exercise of the police power, while our statute is absolutely prohibitory. An examination of the decision, however, shows clearly that no such distinction as this was in the mind of the Supreme Court in holding the South Dakota statute to be constitutional. In the opinion it is said: "It would be, we think, a disregard of the purposes of Congress to hold that the owner of intoxicating liquors in one state can, by virtue of the commerce clause, go himself or send his agent, into such other State there in defiance of the law of such state to carry on the business of soliciting proposals for the purchase of intoxicating liquors"; and it is further said that the contention for the invalidity of the South Dakota statute "ignores the broad distinction between the want of power of a State to prevent a resident from ordering from another liquor for his own use, and the plenary authority of the State to forbid the carrying on within its borders of the business of soliciting orders for intoxicating liquors situated in another State, even although such orders may only contemplate a contract to result from final acceptance in the State where the liquor is situated. The distinction between the two is not only obvious, but has been foreclosed by a previous decision of this court." It is not necessary to here repeat in full the reasons given by the Supreme Court for its conclusion. It is enough to say that the court unqualifiedly commits itself to a line of reasoning with reference to the South Dakota statute which, if applied to our own statute, would fully sustain it as against the claim that it is in violation of the interstate commerce clause of the federal Constitution. We have no question whatever that had the view of the Supreme Court of the United States as now announced been before

us when the *Hanaphy* case was decided, we should have sustained our statute as constitutional, instead of holding it to be invalid because in violation of the federal Constitution.

II.    We are of course not bound to follow the views of the Supreme Court of the United States in passing upon the validity of our statutes further than that we recognize our obligation not to enforce a statute which is in violation of the Constitution of the United States. We are not bound, therefore, by any obligation imposed upon us in the federal Constitution to uphold a State statute merely because, in the view of the Supreme Court of the United States, it is not unconstitutional. But on the other hand, when we have held a State statute to be unconstitutional because in supposed conflict with the Constitution of the United States, and the Supreme Court of the United States has so interpreted the federal Constitution that the supposed conflict is found not to exist, there is no good reason why we should not change our rulings so as to sustain the policy of the statutes of the State. We may, as we sometimes have done, reach the conclusion that our previous decisions are wrong, and should be overruled; and, when we find that the previous decisions are not in conformity with the law (no property rights having been acquired in reliance on such previous decisions), we feel it to be our duty to overrule them, and to announce such rule as we think should have been announced in the previous cases. Here there is no property right involved, for the lower court simply enjoined the defendant from pursuing the occupation of soliciting a particular kind of orders for the purchase of a particular class of property. The defendant was charged with carrying on the prohibited business at his residence, and nothing was in fact affected by the decree save the prevention of the soliciting or taking of such orders. It is plain, therefore, that defendant had ac-

quired no right in reliance on our previous decisions in the nature of a vested right to property.

The argument that our statute became invalid by reason of our prior decision, and can not now be enforced without re-enactment, is entirely without weight. It is true that an unconstitutional statute is, so far as it is unconstitutional, without force from the time of its enactment, but the decisions of the court holding it to be unconstitutional may be overruled, and the supposed unconstitutionality may thus be found not to exist. There is nothing to prevent a court from overruling its own decisions and rendering them of no force and effect as precedents in other cases. That a statute which has been held unconstitutional, either *in toto* or as applied to a particular class of cases, is valid and enforceable after the supposed constitutional objection has been removed, or in cases in which the objection is not applicable, is well settled. *In re Rahrer,* 140 U. S. 545 (11 Sup. Ct. 865, 35 L. Ed. 572); *Blair v. Ostrander,* 109 Iowa, 204; *Allison v. Corker,* 67 N. J. Law, 596 (52 Atl. 362, 60 L. R. A. 564).

We reach the conclusion that, in view of the final expression of view on the subject given by the Supreme Court of the United States, as above indicated, the cases of *State v. Hanaphy* and *State v. Bernstein,* so far as they are predicated upon the unconstitutionality of the statute in question as in conflict with the interstate commerce clause of the federal Constitution, should now be overruled, and the judgment of the trial court is therefore *affirmed.*