STATE OF IOWA, Appellee, v. D. T. STRIGGLES, Appellant.

CRIMINAL LAW: Plea in Bar—Holding of Inferior Court. It is no defense to an indictment for keeping a gambling house that, before the acts were done which it is claimed constituted such keeping, a municipal court had held that said acts did not constitute gambling.

Headnote 1:  15 C. J. p. 924 (Anno.)

Headnote 1:  7 R. C. L. 975.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

SEPTEMBER 28, 1926.

REHEARING DENIED JANUARY 22, 1927.

Defendant was indicted, tried, and convicted for keeping a gambling house. From a judgment entered against him therein, he appeals.—*Affirmed.*

*Howard L. Bump* and *Hyman E. Miller*, for appellant.

*Ben J. Gibson*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

ALBERT, J.—We gather from the record and arguments of counsel the following history of the case at bar: It appears that in the early part of 1923 there was installed in several places of business in the city of Des Moines a gum- or mint-vending machine. The machine and its workings are fully set out in the opinion in the case of *State v. Ellis*, 200 Iowa 1228. In that opinion it was judicially determined that such machine was a gambling device, within the inhibition of the statute.

On August 1, 1923, in several proceedings then pending in the municipal court of the city of Des Moines, a decision was rendered holding that such machine was not a gambling device. The distributors of the machine in question thereupon secured a certified copy of said decree, and equipped themselves with a letter from the county attorney's office, and also one from the mayor of the city, which stated that such machine was not a gambling device. Thus equipped, they presented themselves to appellant, Striggles, who conducted a restaurant in the city of Des Moines, and induced him to allow them to install a machine in his place of business.

Subsequent thereto, in the early part of 1925, the Polk County grand jury returned an indictment against appellant, in which it charged that he did "willfully and unlawfully keep a house, shop, and place * * * resorted to for the purpose of gambling, and he, * * * did then and there willfully and unlawfully permit and suffer divers persons, * * * in said house, shop, and place * * * to play a certain machine * * * being then and there a gambling device." On entering a plea of not guilty, the appellant was put on trial. He offered in evidence the aforesaid certified copy of the judgment decree of the court, and the letters from the county attorney and the mayor, which were promptly objected to, and the objection sustained. The appellant, while testifying, was permitted by the court to say that the exhibits had been presented to him before he permitted the machine to be installed. He was then asked by his counsel whether he relied on the contents of the papers when he gave his permission for installation of the machine. Objection to this line of testimony was sustained. He was also asked whether he would have permitted the machine to be installed, had he believed it to be a gambling device. He was not permitted to answer this question.

It is first urged in this case that the certified copy of the judgment from the municipal court was admissible in evidence, on the strength of the case of *State v. O'Neil*, 147 Iowa 513. A careful reading of the case, however, shows that it has no application to the case at bar. A certain statute of this state was held to be violative of the Constitution of the United States, and therefore void, in *State v. Hanaphy*, 117 Iowa 15, and *State v. Bernstein*, 129 Iowa 520. The United States Supreme Court then decided *Delanter v. South Dakota*, 205 U. S. 93. On the strength of this opinion by the United States Court, we then overruled the *Hanaphy* and *Bernstein* cases, in *McCollum v. McConaughy*, 141 Iowa 172.

The crime with which O'Neil was charged, was committed by him between the time of the filing of the opinion of this court and the filing of the opinion of the United States Supreme Court. We held in that case that the appellant could not be guilty, because he was entitled to rely on the decision of this court which held the law in question unconstitutional.

Cases cited from other jurisdictions in appellant's argument are in line with the *O'Neil* case. There is no case cited, nor can we find one, on diligent search, holding that the decision of an inferior court can be relied upon to justify the defendant in a criminal case in the commission of the act which is alleged to be a crime. We are disposed to hold with the *O'Neil* case, that, when the court of highest jurisdiction passes on any given proposition, all citizens are entitled to rely upon such decision; but we refuse to hold that the decisions of any court below, inferior to the Supreme Court, are available as a defense, under similar circumstances.

The testimony offered, if available to the appellant, must be so on the theory that it goes to prove his intention. It is settled law that, in prohibitive statutes covering misdemeanors, where no provision is made as to the intention, and the word "knowingly" or other apt words are not employed, to indicate that knowledge is the essential element of the crime, intention is not an element of the crime. Especially is this so where the act is forbidden by statute in the aid of the police power of the state. In the case of *Kletzing v. Armstrong*, 119 Iowa 505, in discussing this question we said:

"But such statutes, so far as they have come before the

courts for interpretation, have uniformly been in the nature of police regulations, having for their purpose the prevention of acts such as the selling of intoxicating liquors, the running of gambling houses, and the like, which the legislature has seen fit to stigmatize as inimical to the public welfare, and has therefore endeavored to prevent by proper legislation.   In these statutes, the legislature has had in contemplation, not the prevention of acts injurious to the person or property of individuals, and therefore, in general, contrary to public policy, but acts regarded as contrary to the public welfare, without particular reference to their injurious consequences to the safety of property and the person.''

In 16 Corpus Juris 76, Section 42, the authorities on this subject are collated; and this seems to be the uniform holding, with few exceptions, in all the states of the Union.   We are, therefore, of the opinion that the ruling of the district court in excluding this testimony was right.

One other question is referred to, but not discussed in the argument of appellant.   It is a complaint lodged against the county attorney's argument to the jury.   We have given it attention, but find no error in the ruling of the court thereon.   We might say, in passing, however, that, had the county attorney, when he was confronted with the facts, made a motion to dismiss the case, thus exercising his discretion, and the case had been dismissed, his action in so doing would not be subject to criticism.

The matters of which complaint is made should have been taken into consideration by the district court in passing sentence on a verdict of guilty, and this was apparently done in this case, as the fine assessed was the minimum.—*Affirmed.*

EVANS, STEVENS, FAVILLE, and MORLING, JJ., concur.