## JAWISH v. MORLET.
### No. 1135.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 26, 1951.

Decided Jan. 11, 1952.

James T. Barbour, Jr., Washington, D. C., for appellant.

Frederick C. LeComte, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In 1918 Congress enacted a law fixing minimum wages for women and children in the District of Columbia. In 1923 the Supreme Court, in Adkins v. Children's Hospital, 261 U.S. 525, 43 S.Ct. 394, 67 L. Ed. 785, held the law unconstitutional. In 1937 the Supreme Court, in West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, held a similar law of the State of Washington to be constitutional and expressly overruled the Adkins case. President Roosevelt then requested the opinion of the Attorney General as to the status of the District of Columbia law, and in reply the Attorney General stated:

"The decisions are practically in accord in holding that the courts have no power to repeal or abolish a statute, and that notwithstanding a decision holding it unconstitutional a statute continues to remain on the statute books; and that if a statute be declared unconstitutional and the decision so declaring it be subsequently overruled the statute will then be held valid from the date it became effective.

"It is, therefore, my opinion that the District of Columbia minimum wage law is now a valid act of the Congress and may be administered in accordance with its terms." 39 Op.Attys.Gen. 22.

Congress never re-enacted the law but did enact amendments to it in 1938, 1941 and 1944. The 1940 District of Columbia Code (unofficial) contains the law, § 36-401 et seq., with the following note of the annotator: "On the theory that the last-mentioned case (West Coast Hotel case) revitalized the District of Columbia Minimum Wage Law, it is incorporated in this Code." Enforcement of the law was resumed after the issuance of the opinion of the Attorney General and has continued to the present time.

This action was brought by a woman employee against her employer to recover the difference between the wages she had been paid and the minimum wages fixed under the minimum wage law for such employment. The only defense raised by the employer was that no minimum wage law exists in the District of Columbia. The trial court ruled against this contention and awarded judgment for the employee. The employer has appealed.

The contention of the employer is that the District of Columbia statute was held unconstitutional in the Adkins case, that the effect of that ruling was to make the statute null and void, that the West Coast Hotel case did not operate to revive the statute, and that without re-enactment by Congress no such statute today exists.

■ Since the days of Marbury v. Madison, 1 Cr. 137, 180, 2 L.Ed. 60, when Chief Justice Marshall, speaking for the Court, declared that "a law repugnant to the constitution is void," courts have frequently referred to unconstitutional laws as void, of no force and effect, and as inoperative as if never passed. "Yet a realistic approach is eroding this doctrine. * * * When a statute is declared unconstitutional it falls because it must yield to the basic, superior law. There is much more reason to argue that the unconstitutional statute never was the law. Yet today even such a statute is an operative fact and decisions made under its color have the blessing of res judicata." Warring v. Colpoys, 74 App.D.C. 303, 307, 122 F.2d 642, 646, 136 A.L.R. 1025, certiorari denied, 314 U.S.

678, 62 S.Ct. 184, 86 L.Ed. 543, per Vinson, J., now Chief Justice of the United States, citing Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329.

■ There are comparatively few cases dealing squarely with the question before us, but they are unanimous in holding that a law once declared unconstitutional and later held to be constitutional does not require re-enactment by the legislature in order to restore its operative force. They proceed on the principle that a statute declared unconstitutional is void in the sense that it is inoperative or unenforceable, but not void in the sense that it is repealed or abolished; that so long as the decision stands the statute is dormant but not dead; and that if the decision is reversed the statute is valid from its first effective date. See State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804; Pierce v. Pierce, 46 Ind. 86; McCollum v. McConaughy, 141 Iowa 172, 119 N.W. 539; Allison v. Corker, 67 N.J.L. 596, 52 A. 362, 60 L.R.A. 564; Shephard v. City of Wheeling, 30 W.Va. 479, 4 S.E. 635.

■ This principle is in accord with the principle "that a decision of a court of appellate jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law but that it never was the law." Ruppert v. Ruppert, 77 U.S.App.D.C. 65, 68, 134 F.2d 497, 500.

■ If the effect of the West Coast Hotel decision is that the decision in the Adkins case never was the law, it follows that the District of Columbia Minimum Wage law never was unconstitutional. And since the Adkins case never was the law, its only effect, to use the language of Justice Vinson in the Warring case, was "that just about everybody was fooled." Our conclusion is that the Adkins case did not repeal or abolish the District of Columbia Minimum Wage law and when the effect of the Adkins case was removed by the West Coast Hotel case, the law was effective without re-enactment by Congress.

Affirmed.