**STATE of Iowa, Appellee,**

**v.**

**Raymond KNOX, Appellant.**

**No. 54017.**

Supreme Court of Iowa.

May 5, 1971.

John P. Roehrick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Donald W. Kuntz, Asst. Atty. Gen., and Ray A. Fenton, County Atty., Des Moines, for appellee.

UHLENHOPP, Justice.

The question presented is whether the statute under which the instant criminal

charge was laid was applicable to defendant's act when committed.

For a number of years, our liquor control act has provided (§ 123.59, Code, 1971):

Any person who shall * * * in any manner, directly or indirectly, solicit, take, or accept any order for the purchase, sale, shipment, or delivery of * * * alcoholic liquors in violation of law, or aid in the delivery and distribution of any alcoholic liquors so ordered or shipped * * * shall be termed a bootlegger * * *.

In 1925, this court held the quoted portion of the statute to be restricted to the case of "the offender who solicits orders in advance for the purpose of making later shipment and delivery." State v. Speedling, 199 Iowa 1218, 1221, 201 N.W. 561, 562.

On May 11, 1969, two undercover policemen went to defendant's home and ordered a bottle of whisky from him. Defendant thereupon got a bottle of "Old Crow" whisky, placed it in a sack, and handed it to one of the officers. The officers paid defendant $4.50 for the whisky, and departed.

On September 5, 1969, this court decided State v. Brustkern, 170 N.W.2d 389 (Iowa). The Speedling decision was overruled, the court saying, "To hold that the statute [§ 123.59] does not apply where there is a present sale, delivery or payment reads into the statute words that are not there and reads out of the statute words that are there. This we may not do." 170 N.W.2d at 392. Hence the statute was applied to a present sale and delivery, and Brustkern's conviction was upheld.

In November 1969, defendant in the present case was tried under § 123.59 for the sale of the whisky in the preceding May. On trial defendant objected that the rule of Speedling was in effect when the sale of whisky occurred in May, so that § 123.59 could not be applied to that transaction. He contended that the applicable statute is § 123.3, the general section prohibiting sales of liquor, and that he was charged under the wrong section. The trial court held that § 123.59 does apply to the sale in May, the jury found defendant guilty, and defendant was sentenced. Hence this appeal by defendant.

Defendant urges the same contention here as in the trial court. He does not contend, of course, that he could rightfully sell the whisky, for that is prohibited by the other section of the statute which defendant himself cites. His contention is rather strange—that he had no right to sell the whisky but he had a right to rely on Speedling.

The question presented is this. When a judicial interpretation of a criminal statute is changed by later decision, does the earlier or the later interpretation apply to acts committed between the times of the two decisions?

■ The general rule is that judicial decisions operate retrospectively—as well as prospectively. Annot. 10 A.L.R.3d 1371, 1377–78; Note, 46 Iowa L.Rev. 600. Retrospectivity is not constitutionally proscribed. Tidal Oil Co. v. Flanagan, 263 U.S. 444, 44 S.Ct. 197, 68 L.Ed. 382.

■ A decision may by its own terms be made to operate prospectively only. State v. Wisniewski, 171 N.W.2d 882 (Iowa); Fairchild, Limitation of New Judge-Made Law to Prospective Effect Only, 51 Marq. L.Rev. 254. Brustkern was not limited to prospective operation, and so we do not have that situation.

Neither do we have the problem which has recently arisen as to whether newly announced constitutional principles should be applied to criminal cases which went to judgment and sentence under previous law. E. g., Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■ To the general rule of retrospectivity as applied to criminal cases, an impor-

tant exception exists. When conduct is not otherwise wrongful and a person relies on a judicial decision holding a criminal statute inapplicable or unconstitutional, and the decision is subsequently overruled, the person will not be held in violation of the statute for his intervening conduct in reliance on the earlier decision. State v. O'Neil, 147 Iowa 513, 126 N.W. 454.

O'Neil involved an Iowa statute prohibiting liquor shipments, among other things. Code, 1897, § 2382. A question existed as to whether the statute could be applied to interstate shipments of liquor. In 1902, this court held it unconstitutional as to such shipments, as a burden on interstate commerce. State v. Hanaphy, 117 Iowa 15, 90 N.W. 601. Relying on that decision, a druggist named O'Neil caused liquor to be shipped into Iowa from Kansas City, Missouri, in 1908. In 1909, this court, citing a decision of the United States Supreme Court, changed its view and held § 2382 not unconstitutional as applied to interstate shipments. McCollum v. McConaughy, 141 Iowa 172, 119 N.W. 539. After McCollum was decided, O'Neil was prosecuted and convicted for the 1908 transaction. This court reversed the conviction and held that to apply the later decision would be "manifestly unjust" since O'Neil's act was legal when committed. But the court was very careful to limit the decision to "an act not otherwise wrongful or immoral". 147 Iowa at 523, 126 N.W. at 457. This limitation on the exception—that reliance on a previous decision is not justifiable if the conduct in question is otherwise wrongful—has been recognized elsewhere. State ex rel. Williams v. Whitman, 116 Fla. 196 at 205–206, 150 So. 136, 156 So. 705 at 709; Note, 25 Va.L.Rev. 210 at 215; Note, 18 Yale L.J. 422 at 425.

We think defendant in the case at bar cannot bring himself within the O'Neil exception to retrospectivity because of the limitation on the exception. Defendant cannot contend, as O'Neil did, that his conduct was otherwise rightful. Defendant's conduct was wrongful; his act was in violation of § 123.3 in any event. A defendant will not be heard to urge good faith reliance on a prior decision when his act was illegal anyway.

The general rule of retrospectivity applies here, and the trial court rightly so held.

Affirmed.

All Justices concur except REYNOLDSON, J., who takes no part.