Brown, C J.,
dissenting.
{¶ 41} I agree with the majority that Oregon v. Ice (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, does not overrule this court’s decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, regarding Ohio’s consecutive-sentencing statutes, and that the issuance of Ice does not automatically revive or reinstate the consecutive-sentencing statutory provisions held unconstitutional in Foster. But Ice does demonstrate that the analysis used by this court in Foster regarding judicial fact-finding and consecutive sentences was incorrect. The majority all but concedes that it erred in holding in Foster that R.C. 2929.14(E)(4) and 2929.41(A) are unconstitutional because they require judicial finding of facts not proved to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences. Majority opinion at ¶ 10. Despite this court’s error in Foster, however reasonable it may have been at the time it was issued, the majority essentially refuses to correct this error because it believes it is too inconvenient to do so. In so holding, the majority violates the fundamental principle of separation of powers and ignores the intent of the General Assembly. Therefore, I dissent.
I. Separation of powers
{¶ 42} The separation of powers among the executive, legislative, and judicial branches of government is a defining principle of the American form of a free, constitutional government. See State v. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 39. “ ‘The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others.’ ” Id. at ¶ 44, quoting State ex re. Bryant v. Akron Metro. Park Dist. of Summit *12 Cty. (1929), 120 Ohio St. 464, 473, 166 N.E. 407. The principle of separation of powers renders this court unable to undertake those powers explicitly assigned to the legislature, yet the majority’s holding ascribes the legislative power to repeal statutes to the judiciary.
{¶ 43} The General Assembly is vested with the exclusive power to enact and repeal laws, subject only to the people’s power to propose, adopt, or reject laws at the polls through certain procedures defined in the Ohio Constitution. Section 1, Article II, Ohio Constitution. “This court has authority to determine whether, in a statutory enactment, the General Assembly has exceeded any of the limitations upon its legislative power which are provided for in the Constitution, and to interpret the meaning of the words used by the General Assembly in a statutory enactment; but this court does not have any authority to repeal a statute enacted by the General Assembly * * *. The power to repeal or amend a statute is vested by Section 1 of Article II of the Constitution in the General Assembly.” Columbus v. Delaware Cty. (1956), 164 Ohio St. 605, 613-614, 59 O.O. 10, 132 N.E.2d 747.
{¶ 44} The majority contends that a declaration that a statute is unconstitutional and accompanied by severance of the statute definitively “removes” or “excises”[8] the offending statute from an act and therefore that a later determination that the statute was severed in error cannot reinstate the statute in the absence of reenactment by the General Assembly. In essence, the majority equates severance with repeal. Nothing in this court’s jurisprudence supports that equation.
{¶ 45} A holding that a statutory scheme or individual statute is unconstitutional is a determination that the scheme or statute is invalid, void, and unenforceable. Funk v. Rent-All Mart, Inc. (2001), 91 Ohio St.3d 78, 79-80, 742 N.E.2d 127; see also State ex rel. Maurer v. Sheward (1994), 71 Ohio St.3d 513, 523, 644 N.E.2d 369. But a holding that a scheme or statute is unconstitutional does not *13 and cannot remove the offending statutes or statute from the Revised Code. Removal of statutes from the Revised Code can be achieved only through repeal.
{¶ 46} A holding that an unconstitutional statute or statutory provision is subject to severance does nothing more than state that a statute within a multistatute scheme or a section of a multipart statute is invalid, void, and unenforceable. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 66 (holding that two statutes that are part of the General Assembly’s Adam Walsh Act are unconstitutional and are severed and that “after severance, they may not be enforced”). Severance is merely a judicially imposed mechanism used to allow the constitutional provisions to remain valid and enforceable when a statutory scheme contains both unconstitutional and constitutional statutes or when a multipart statute has both unconstitutional and constitutional sections. Severance is not a judicial repeal of the offending statutory provision.
{¶ 47} Because the majority’s analysis of the issue of revival is premised on its belief that R.C. 2929.14(E)(4) and 2929.41(A) have been severed and excised or judicially repealed, I find that the analysis is flawed at the outset. In order to preserve the principle of separation of powers, this court must begin any analysis of the possible revival of R.C. 2929.14(E)(4) and 2929.41(A) from the premise that Foster declared these statutory provisions unconstitutional and unenforceable but that these provisions have not been repealed. Instead, these provisions remain part of the Revised Code and repeatedly have been included by the General Assembly as part of the statutory sentencing scheme after Foster. 2006 Am.Sub. H.B. No. 95, 151 Ohio Laws, Part IV, 7059; 2006 Am.Sub.H.B. No. 137, 151 Ohio Laws, Part IV, 7622; Am.Sub.S.B. No. 260, 151 Ohio Laws, Part I, 1915; Sub.S.B. No. 281, 151 Ohio Laws, Part II, 2240; Am.Sub.H.B. No. 461, 151 Ohio Laws, Part V, 9293; 2007 Am.Sub.S.B. No. 10; 2008 Sub.S.B. No. 184; 2008 Sub.S.B. No. 220; 2008 Am.Sub.H.B. No. 280; and 2008 Am.Sub.H.B. No. 130.
{¶ 48} The majority acknowledges that there has been no significant analysis of these issues by any Ohio courts.[9] But other courts that have considered analogous situations have held that statutes that have been declared unconstitutional and unenforceable but have not been repealed by the legislature return to effectiveness upon a later determination that the statutes were declared unconstitutional in error. See Jawish v. Morlet (D.C.App.1952), 86 A.2d 96, 97; see also Pierce v. Pierce (1874), 46 Ind. 86, 95; State ex rel. Badgett v. Lee (1945), 156 Fla. *14 291, 295, 22 So.2d 804; McCollum v. McConaughy (1909), 141 Iowa 172, 119 N.W. 539, 541.
{¶ 49} The United States Supreme Court’s holding in Ice makes it clear that the Foster holding regarding the unconstitutionality of the consecutive-sentencing provisions of the comprehensive reform enacted by Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 (“S.B. 2”) was in error. The judicial fact-finding required by R.C. 2929.14(E)(4) and 2929.41(A) before the imposition of consecutive sentences is not now unconstitutional nor was it ever unconstitutional. Given that R.C. 2929.14(E)(4) and 2929.41(A) have not been repealed, a conclusion that the Foster analysis regarding consecutive sentences was in error must result in the overruling of those infirm portions of Foster, the removal of our judicially imposed holding that these provisions are unenforceable, and the renewed enforceability of R.C. 2929.14(E)(4) and 2929.41(A).
II. Intent of the General Assembly
{¶ 50} The majority also contends that R.C. 2929.14(E)(4) and 2929.41(A) should not be revived because it is unclear whether the General Assembly would intend these consecutive-sentencing provisions to be enforced when the other judicial fact-finding sentencing provisions that were severed in Foster remain unenforceable. This reasoning is unpersuasive.
{¶ 51} Although the majority declines to “speculate” whether the other sentencing provisions that were declared unconstitutional in Foster could be severed from the consecutive-sentencing provisions and the remaining provisions of S.B. 2, this is precisely the analysis the court would have been required to perform in Foster if the court had not erred in holding the consecutive-sentencing provisions unconstitutional. Had this court in Foster held the consecutive-sentencing provisions to be constitutional, but still held the other statutory provisions at issue to be unconstitutional,[10] this court would have applied the severance test established by Geiger v. Geiger (1927), 117 Ohio St. 451, 466, 160 N.E. 28, to determine whether the unconstitutional provisions of S.B. 2 could be severed from the constitutional provisions. The Geiger test requires this court to consider three questions before finding severance appropriate: “ ‘(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent *15 intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?’ ” Id. at 466^467, quoting State v. Bickford (1913), 28 N.D. 36, 147 N.W. 407, paragraph nineteen of the syllabus. Why the majority now declines to use the Geiger test to determine whether the constitutional consecutive-sentencing provisions of S.B. 2 may be enforced in the absence of those S.B. 2 provisions that remain unconstitutional and unenforceable after Foster is baffling.
{¶ 52} In S.B. 2, the General Assembly adopted a comprehensive statutory framework that established broad sentencing reforms to introduce certainty and proportionality in felony sentencing. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 34. This court recognized that the S.B. 2 sentencing-reform statutory scheme is extremely complex. Id. at ¶ 49. Although Foster severed seven discrete S.B. 2 statutory subsections, including R.C. 2929.14(E)(4) and 2929.41(A), the vast majority of the S.B. 2 sentencing-reform scheme remains in place. There has been no significant action taken by the General Assembly to alter the sentencing-reform scheme in light of this court’s decision in Foster and the unconstitutionally of several subsections. Indeed, the amendments made to the sentencing-reform scheme have not altered the fundamental scheme originally enacted in S.B. 2, and the statutory provisions declared unconstitutional and unenforceable in Foster have not been repealed in the course of amending the sentencing scheme.
{¶ 53} The continued viability of most of S.B. 2 and the lack of significant changes to the scheme after Foster indicate that the General Assembly’s intent is to maintain as much of the S.B. 2 sentencing reform as is constitutionally permissible. This court’s review of the constitutionality of a statute starts with a presumption of constitutionality based in part upon this court’s deference to the legislative branch on matters of public policy. State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn., 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 20, 73. Furthermore, in the context of criminal sentencing, the courts grant substantial deference to the broad authority of the General Assembly. See State v. Hairston, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 22. That same deference should result in this court’s recognizing the General Assembly’s intent, conceding that its analysis in Foster regarding consecutive sentencing is no longer valid, overruling Foster in part, and declaring the constitutionally sound consecutive-sentencing provisions enforceable. Requiring the General Assembly to yet again manifest its intent to adopt the sentencing reform set forth in S.B. 2, including the consecutive-sentencing provisions, is unnecessary and places an undue burden upon the General Assembly to correct an error, albeit a reasonable one, of this court.
*16 III. Practical considerations
{¶ 54} The majority’s refusal to overrule Foster in part following the decision in Ice is based upon its desire to avoid the perceived disruptive effects such a holding would cause. The majority believes that overruling Foster in part would entitle the many defendants who have received consecutive sentences after Foster to resentencings and that those resentencings would disrupt reasonable and settled expectations of finality and place an undue burden on the judicial system.
{¶ 55} It is critical to recognize the scope of legal issues that must be decided in this case. The court must determine in this case only whether Ice abrogates those portions of Foster related to consecutive sentences and whether R.C. 2929.14(E)(4) and 2929.41(A) may now be enforced to require judicial fact-finding before the imposition of consecutive sentences. Hodge affirmatively raised these issues in the lower courts, and these issues remain pending on direct appeal. While it is appropriate to give some consideration to the potential issues that may arise regarding the effect of the ruling requested by Hodge on defendants who have received consecutive sentences after Foster without the statutory judicial fact-finding, and whose cases have become final, these potential issues should not dictate the outcome of this case, particularly given that this case does not involve these issues, and the court has not had the benefit of adequate briefing on them. It may well be that a partial overruling of Foster does not necessitate the resentencing of defendants whose consecutive sentences became final, as the majority assumes.
{¶ 56} Furthermore, matters of convenience should not dictate this court’s substantive decisions. This is particularly true when the legal issue does not arise with frequency. The majority acknowledges that the statutory-revival issue before the court in this case is a matter of first impression. Majority opinion, ¶ 24. In 200 years of adjudication, this case is the first time that this court has been presented with these procedural facts and legal issues. Neither has the statutory-revival issue arisen with significant frequency in other jurisdictions, as demonstrated by the limited number of cases cited by the parties and the majority. While I do not doubt that this court’s error in Foster may cause some inconvenience to rectify, I cannot conclude that acknowledgment of the error will result in widespread chaos or that concerns regarding perceived chaos should prevent this court from overruling precedent that is clearly wrong.
IV. Conclusion
{¶ 57} Although the majority concedes that its consecutive-sentencing analysis in Foster is no longer valid based upon Ice, and the majority invites the General Assembly essentially to reenact R.C. 2929.14(E)(4) and 2929.41(A) verbatim without fear of constitutional infirmity, it refuses to overrule the consecutive-sentencing portions of Foster. The majority makes clear that it believes that *17 severance in effect judicially repeals a statute, regardless of whether later events undermine the severance, and that severed statutes cannot be revived without reenactment. Accordingly, the majority could still overrule the erroneous analysis of the consecutive-sentencing portions of Foster without reviving the severed statutes. I find it troubling that the majority refuses to overrule even the erroneous portions of Foster. Accordingly, I disagree with the majority’s refusal to acknowledge its error in Foster and overrule those portions of Foster that have been abrogated by Ice.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Ronald W. Springman Jr. and Rachel Lipman Curran, Assistant Prosecuting Attorneys, for appellee.
Janet Moore, Attorney at Law L.L.C., and Janet Moore; and Ohio Justice and Policy Center, David A. Singleton, Angelina N. Jackson, and Peter C. Link, for appellant.
Kenneth W. Oswalt, Licking County Prosecuting Attorney, urging affirmance for amicus curiae Licking County Prosecuting Attorney.
Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.
{¶ 58} Because I also find that principles of separation of powers and deference to the will of the General Assembly require that statutory provisions that were rendered unenforceable by this court in error, but that have not been repealed, must be returned to enforceability, I dissent from the majority’s holding that a statute declared unconstitutional in error cannot be revived absent reenactment by the General Assembly.

. I note that the majority refers to R.C. 2929.14(E)(4) and 2929.41(A) as having been “severed and excised" by Foster. (Emphasis added.) Majority opinion at ¶ 12. “Excise” is defined as “to cut out” or “remove by or as if by cutting out.” Webster’s Third New International Dictionary (1986) 792. The use of the term “excised” connotes that the unconstitutional statutory provision has been removed from the Revised Code and lends support to the majority’s mistaken belief that severance is the equivalent of judicial repeal of a statute or statutory provision. However, this court’s use of the language that an unconstitutional statute may be severed and excised is only recent. Foster itself presents the first instance in which a majority of this court articulates that unconstitutional statutory provisions are “severed and excised.” 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 97-98. The lengthy Foster analysis regarding the appropriateness of severance does not provide any discussion of or support for the court’s new formulation that unconstitutional statutory provisions may be “severed and excised” from the Revised Code, nor does R.C. 1.50, the statute addressing severability of Revised Code provisions, provide any support for the assertion that Ohio courts may “excise” statutory provisions.

. The only two cases in which this court has addressed similar issues even in passing are easily distinguishable from this case. See Middletown v. Ferguson (1986), 25 Ohio St.3d 71, 80, 25 OBR 125, 495 N.E.2d 380; Franklin Cty. Bd. of Elections v. State ex rel. Schneider (1934), 128 Ohio St. 273, 191 N.E. 115. In both cases, this court refers to legislation that was unconstitutional, and therefore void, at the time it was enacted. Despite the holding of Foster, R.C. 2929.14(E)(4) and 2929.41(A) were not unconstitutional at the time of their enactment.

. R.C. 2929.14(B) and (C) and 2929.19(B)(2) (statutory provisions that require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant) and R.C. 2929.14(D)(2)(b) and (D)(3)(b) (statutory provisions that require judicial fact-finding before repeat-violent-offender and major-drug-offender penalty enhancements are imposed).